KOCISKO, ARCHBISHOP, APPELLEE, *v.* CHARLES SHUTRUMP & SONS COMPANY ET AL., APPELLANTS.

[Cite as Kocisko *v.* Charles Shutrump & Sons Co. (1986), 21 Ohio St. 3d 98.]

(Nos. 85-423, 85-482, 85-483 and 85-498—Decided January 15, 1986.)

*Brennan, Frederick, Vouros & Black* and *Harry Frederick,* for appellee.

*Manchester, Bennet, Powers & Ullman Co., L.P.A., Jack C. Harris* and *Joseph R. Young, Jr.,* for appellant Charles Shutrump & Sons Co.

*Comstock, Springer & Wilson* and *David C. Comstock,* for appellant Crogan Plumbing & Supplies, Inc.

*Gallagher, Sharp, Fulton & Norman, James G. Gowan* and *Joseph W. Pappalardo,* for appellant P. Arthur D'Orazio.

*Herbert, Treadon, Benson & Frieg, Thomas A. Treadon* and *David L. Herbert,* for appellant Roth Bros., Inc.

*Joseph P. Sontich,* for appellant Follansbee Steel Corp.

CLIFFORD F. BROWN, J.   R.C. 2305.131 is a ten-year statute of limitations which bars certain actions "* * * against any person performing services for or furnishing the design, planning, supervision of construction, or construction" of an improvement to real property. However, the actions which fall within the scope of R.C. 2305.131 are limited, by the terms of the statute, to actions for injury to real or personal property, bodily injury, or wrongful death, "arising out of the defective and unsafe condition of an improvement to real property * * *." The language selected by the General Assembly is uniformly used to describe tortious conduct. For example, the statute's use of the terms "defective" *and* "unsafe" to describe the improvements at issue distinguish the actions contemplated within the statute from warranty or other contractual claims. Thus, R.C. 2305.131 applies only to actions which sound in tort. Actions in contract continue to be governed by the fifteen-year statute of limitations found in R.C. 2305.06.

As observed in *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 284, rights enforceable as torts differ from rights enforceable as contracts. "Tort actions are created to protect the interest in freedom from various kinds of harm. * * * Contract actions are created to protect the interest in having promises performed." Prosser, Law of Torts (4 Ed. 1971) 613, Section 92. Torts arise from the breach of certain duties of conduct that are imposed by law for the protection of all persons within range of the harm or injury proximately resulting from such breach. Contractual duties, on the other hand, arise from the specific agreement of the parties to the contract.

In the instant case, the parties entered into various contracts by which the defendants agreed to install a roof on plaintiff's church building. Plaintiff claims that the roof, as installed, has leaked from the date of its installation. The complaint filed in the instant case alleges claims that arise out of those contracts among the various parties. No "injury" to person or property arising out of a defective and unsafe improvement to real property is alleged; rather, plaintiff seeks recovery for damages which flow from defendants' installation of a leaky roof in breach of their various contracts.

Of course, this court expresses no opinion as to the merit of any of plaintiff's claims. Because this appeal was taken from the trial court's grant of summary judgment to all defendants on the sole ground that R.C. 2305.131 barred the action, this court's holding that R.C. 2305.131 does

not apply will permit the parties to litigate the remainder of their various contentions.

Accordingly, we hereby affirm the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment affirmed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES and DOUGLAS, JJ., concur.

LOCHER and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. The majority ignores a primary rule of statutory construction. That is to say, when a statute is plain and unambiguous on its face, the court must assume that the legislature meant what it said. See, *e.g., Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72]. R.C. 2305.131 provides that "no actions" for certain specified types of injuries shall be brought when more than ten years have elapsed since the cause of action arose. The statute does not distinguish between contract, tort or other forms of actions. *Instead, it refers to the actions according to the nature of the claimed injury.*

I vigorously dispute the majority's assertion that "[n]o 'injury' to person or property arising out of a defective and unsafe improvement to real property is alleged." An injury to property arising out of a defective improvement to real property—an improperly installed roof—is precisely what was alleged. Thus, this case falls squarely within the language of R.C. 2305.131.

I quite agree with the reasoning of the Court of Appeals for Marion County in *United States Fid. & Guar. Co.* v. *Marion Contracting Corp.* (Jan. 7, 1983), No. 9-82-5, unreported, and with the United States Court of Appeals for the Sixth Circuit in *Hartford Fire Ins. Co.* v. *Lawrence, Dykes, Goodenberger, Bower & Clancy* (1984), 740 F. 2d 1362. In both of these cases the courts determined that the language of R.C. 2305.131 was unambiguous and that the statute applied to *all* types of actions for the specified subject matter, despite the form of the action.

Such an interpretation of the statute is also supported by the reasoning of this court in *Andrianos, supra.* That case involved the question of whether the statutes of limitations set forth in either G.C. 11222 (now R.C. 2305.07) or G.C. 11224-1 (now R.C. 2305.10) applied to a personal injury action in which the complaint was based on an implied contract theory. G.C. 11222 provided:

"An action upon a contract not in writing, express or implied * * * shall be brought within six years after the cause thereof accrued."

G.C. 11224-1 provided:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

This court held that G.C. 11224-1 applied because that section was based upon the subject matter, rather than the form, of the action. "* * * No matter what form is adopted, the essence of the action is the wrongful injury * * *." *Andrianos, supra,* at 51. The court further reasoned that a statute relating to specific subject matter controls over a more general provision that might otherwise apply. *Id.* at 50.

The same reasoning is applicable here. The majority holds that R.C. 2305.06, which sets a statutory limitations period of fifteen years for actions based upon written contracts, should be applied. However, it is crystal clear that R.C. 2305.131 applies to cases involving the particular subject matter and the particular types of defendants here involved. The more specific statute must be applied. *Id.*

The parties agree that R.C. 2305.131 was adopted to protect architects and builders when the demise of the privity of contract doctrine broadly extended their potential liability to third parties. Almost every state, including Ohio, enacted this type of statute, recognizing that architects and builders were exposed to liability for an indefinite time due to the longevity of buildings. Over such a long time, evidence becomes stale and intervening negligence could and does occur. I find unpersuasive the argument that the legislature would have passed such legislation intending it to apply only to tort claims but not to contract claims that allege *the same type of injury.* If the legislature intended to restrict the limitations period to a particular form of action, it could have done so explicitly.

R.C. 2305.131 should be interpreted according to its plain meaning. The statute should be applied to any action "to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property * * * brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property * * *" whether the action is based upon a contract, tort or any other theory of recovery. The case at bar alleges just such an injury to property and should therefore be statutorily barred.

Accordingly, I must respectfully but vigorously dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.