**Port Clinton**
v.
**Elmer Borchardt, Inc.**
*[Cite as 4 AOA 217]*

*Case No. OT-89-14*
*Ottawa County, (6th)*
*Decided June 8, 1990*

*George C. Wilber, for Appellant.*

*Jeffrey S. Creamer and Kevin J. Zeiher, for Appellees.*

This case is on appeal from a judgment of the Ottawa County Court of Common Pleas in which the court granted summary judgment in favor of appellees Elmer Borchardt, Inc. ("Borchardt") and Port Clinton Lumber Company ("Lumber Co.") and dismissed Borchardt's third-party complaint against Lumber Co. The present appeal involves two lower court cases which were consolidated by agreement of the parties: *City of Port Clinton, Ohio* v. *Elmer Borchardt, Inc., et al.* case No. 22484 and *City of Port Clinton, Ohio* v. *Elmer Borchardt, Inc., et al.,* case No. 22485.

The undisputed facts involved in the two cases are, for purposes of this appeal, identical. On September 19, 1973 and July 22, 1974, appellant city of Port Clinton, Ohio ("city") entered into written contracts with Borchardt for the concrete paving of certain streets in Port Clinton. Under the contracts, which were prepared on behalf of the city by Don C. Waggoner, P.E., Inc., a consulting engineer, Borchardt agreed to furnish all labor, materials and tools required for the construction and that such would be in accordance with the specifications stated in the contract. Contained in both contracts, however, was the following provision:

"*Guaranty of the Work*

"The contractor shall provide a performance bond acceptable to the city as a guarantee that the workmanship, materials and equipment furnished under the contract and used in the work are first class in all respects, and are of such kind, quality and amount, *that for a period of one year after completion and final acceptance of the same by the city, the work shall require no repairs or renewals on account of defects in workmanship or materials.*" (Emphasis added.)

Borchardt obtained the concrete for the paving from appellee Lumber Co. and completed the job in October 1974. The city made its final payment to Borchardt on January 16, 1975.

Sometime in 1977, the city noticed deterioration of the streets which were paved under the aforementioned contracts. Tests, conducted in August 1979, revealed that the level of entrained air in the concrete was insufficient and was causing the deterioration.

On February 9, 1984, the city filed two complaints against Borchardt and Lumber Co., asserting claims for breach of contract, negligence and breach of express and implied warranties against Borchardt, and asserting claims for products liability, negligence and breach of express and implied warranties against Lumber Co. Lumber Co. filed for summary judgment on the grounds that the city's action against it was barred by R.C. 2305.09(D), the statute of limitations for injury to the rights of a plaintiff not arising out of a contract. The Ottawa County Court of Common Pleas agreed and granted Lumber Co.'s motion, finding that because the city's complaint against Lumber Co. sounded in tort for damages to real estate, the proper statute of limitations was R.C. 2305.09(D), four years from the date of accrual.

The city appealed the lower court's granting of summary judgment to Lumber Co., and on September 13, 1985, we upheld that decision, adopting its opinion and judgment entry of December 26, 1984 finding R.C. 2305.09(D) controlling. Earlier, on June 30, 1985, Borchardt had filed a motion with the trial court requesting leave to file a third-party complaint against Lumber Co. The court granted the motion on April 2, 1987 and Borchardt filed its third-party complaint against Lumber Co. for indemnification.

Subsequently, both Borchardt and Lumber Co. filed motions for summary judgment. In an order and judgment entry dated March 28, 1989, the trial court granted both motions on the grounds that the city's complaint against Borchardt was also barred by R.C. 2305.09(D) and that Borchardt's claim against Lumber Co. for indemnification was therefore moot.

It is from this judgment that the city had filed a timely notice of appeal, setting forth the following assignment or error:

"I. The Court of Common Pleas erred in granting summary judgment as there are significant unresolved questions of law and fact as to the nature of the contract between Appellant and Appellee and as to the appropriate statutes of limitation governing Appellant's claims against Appellee and that Appellee was not entitled to judgment as a matter of law.

"A. The Court of Common Pleas erred in not apply [*sic*] Section 2305.06 O.R.C., the fifteen year statute of limitations for written contracts in this action.

"B. The Court of Common Pleas erred in using a guarantee provision as a statute of limitation for a breach of contract action arising out of the underlying agreement.

"C. The Court of Common Pleas erred in applying Section 2305.09 O.R.C., and in not applying Section 2305.131 O.R.C., for those of Appellant's claims which sound in tort."

We first note the standard to be applied when reviewing rulings on motions for summary judgment. Upon a summary judgment motion, the movant must demonstrate:

"* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66.

Where the movant has made this tripartite demonstration, a trial court's granting of summary judgment will not be disturbed on appeal.

In subparts A and B of its assignment of error, the city argues that the trial court erred in applying the guarantee provision in the contract as the statute of limitations for the contract claim rather than R.C. 2305.06, the fifteen year statute of limitation for actions on a written contract.

The court below held that R.C. 2305.09(D) was the applicable statute of limitations because, regardless of the semantics used in the complaint, the action was one for the negligent and tortious supply of goods and services. Under that provision, a plaintiff must bring an action for an injury within four years of the accrual of the cause of action.

In its complaint, the city alleges the following:

"12. Defendant, Elmer Borchardt, Inc., has breached its contract with Plaintiff by failing to perform and complete work in exact accordance with plans and specifications agreed upon by the parties and to the entire satisfaction of Plaintiff, in accordance with the laws of the State of Ohio.

"13. The work of completing the paving * * * has never been completed in accordance with the contract of Plaintiff with Defendant, Elmer Borchardt, Inc."

"* * *

"15. Plaintiff has incurred additional expense and damages in its maintenance of said street in order to keep said street safe as possible under the circumstances for motor vehicles utilizing [sic] said street during this period and it continues to do so."

In *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Const. Co.* (1984), 14 Ohio App. 3d 281, the Court of Appeals for Hamilton County addressed the issue of causes of action against builders, contractors, etc., when their work is alleged to be faulty. In *Turner Const. Co.*, the defendant construction company was hired to build a parking structure. The structure was completed in March 1968. Early in 1978, plaintiff noticed that the concrete surfaces in the garage were deteriorating rapidly. Tests indicated that an inadequate amount of concrete over the steel reinforcing bars was accelerating the erosion. The plaintiff filed an action against both the architect and the construction company asserting claims for breach of contract, breach of express and implied warranties, and negligence. The proper statute of limitations was also at issue in that action. In its discussion comparing tort and contract causes of action, the court stated:

"The hazards created by defective and unsafe conditions in real estate improvements fall in the tort category. Economic losses arising from failure of the architects, engineers and builders to carry out the promises set forth in their contracts with the property owners fall in the contract category." *Id.* at 285.

Examining the complaint, the court held that the claims for breach of the express provisions of the construction contract and breach of express warranties were *ex contractu* and therefore subject to the fifteen-year statute of limitations in R.C. 2305.06.

The city has predictably relied on *Turner Const. Co.* in support of its proposition that the applicable statute of limitations for its contract claims is fifteen years, R.C. 2305.06. However, under Ohio law, parties to a contract may agree to a statute of limitations shorter than that authorized by law. *Globe American Cas. Co.* v. *Goodman* (1974), 41 Ohio App. 2d 231, 237. In the contract under consideration, the terms and conditions of the contract itself govern, and the statute of limitations written into the contract was one year, regardless of the title the city, who drafted the contract, gave it. See *City of Port Clinton, Ohio* v. *Scagnetti Construction Co.* (Jan. 12, 1990), Ottawa App. No. OT-88-47, unreported. Thus, we find the trial court's application of the guaranty provision, rather than R.C. 2305.06, as

the statute of limitations for the breach of contract claim, not erroneous.

In subpart C of the city's assignment of error, it argues that the court below erred in applying R.C. 2305.09 and not R.C. 2305.131 for those of appellant's claims sounding in tort.

R.C. 2305.131 is a ten-year statute of repose for actions against architects, engineers or contractors for damages arising out of defective or unsafe improvements to real property. It reads in pertinent part:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction."

The Supreme Court of Ohio, however, has held that:

"* * * the actions which fall within the scope of R.C. 2305.131 are limited, by the terms of the statute, to actions for injury to real or personal property, bodily injury, or wrongful death, 'arising out of the defective and unsafe condition of an improvement to real property * * *.'" *Kocisko* v. *Charles Shutrump & Sons Co.* (1986), 21 Ohio St. 3d 98, 99.

In *Kocisko,* the parties contracted to install a roof on plaintiff's church building. The roof leaked and the plaintiff filed suit seeking damages for breach of contract. Because the plaintiff did not allege any injury to person or property arising out of the defective and unsafe improvements, the Supreme Court of Ohio held that R.C. 2305.131 was inapplicable.

Similarly, in the case at bar, the city has not alleged any injury to persons or property arising out of the defective concrete, but has only alleged economic damage flowing from the installation of faulty concrete. Therefore, the trial court did not err in not applying R.C. 2305.131 as the statute of limitations for the claims sounding in tort.

Because the city failed to bring its actions within the appropriate statutes of limitations, reasonable minds could only conclude that appellee Borchardt is entitled to judgment as a matter of law. Consequently, the trial court's granting of Borchardt's motion for summary judgment was not in error.

Accordingly, appellant's assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur. ABOOD, J., concurs in judgment only.

ABOOD, J.

I disagree with the finding that the one year warranty set forth in the contract constitutes a contractual agreement to a one year statute of limitations. Although for reasons that are different for each of the appellees and different from those that are set forth by the majority however, I do concur in the judgment to affirm the trial court's granting of summary judgment.