This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Logsdon Sons, Inc. has appealed from an order of the Lorain County Court of Common Pleas that found it liable to Plaintiff-Appellee Elizabeth Livchak, and awarded damages in the amount of $5,800. This Court affirms.
 I
{¶ 2} In November 1994, the parties executed a written contract whereby Logsdon Sons agreed to excavate and waterproof certain walls in the basement of Ms. Livchak's residence. The agreement included the following warranty: "Area waterproofed guaranteed not to leak for 15 years." Logsdon Sons completed the basement work in February 1995, at which time Ms. Livchak paid in full the contract price of $5,800.
{¶ 3} Shortly after Logsdon Sons completed the repairs, water again leaked into and accumulated in Ms. Livchak's basement. Ms. Livchak contacted Logsdon Sons, but Logsdon Sons did not correct the leaking. Ms. Livchak thereafter engaged the services of Henceroth Construction Company, at a cost of $10,725, to repair the leaking basement. After Henceroth Construction completed its work, Ms. Livchak's basement remained dry.
{¶ 4} In July 2000, Ms. Livchak filed a complaint against Logsdon Sons for breach of the warranty in the contract and violations of the Consumer Sales Protection Act ("CSPA"). A bench trial was conducted on Ms. Livchak's claims, and the trial court ordered the parties to submit post-trial briefs on the statute of limitations defense raised by Logsdon Sons. Following the submission of the briefs, the trial court found that Logsdon Sons did not perform its obligations under the contract, entered judgment in favor of Ms. Livchak, and awarded damages in the amount of $5,800. The court also overruled Logsdon 
Sons' motion to dismiss Ms. Livchak's claims on the ground that they were barred by applicable statutes of limitations. Logsdon Sons has timely appealed from the entry of judgment in favor of Ms. Livchak, asserting three assignments of error.
 II Assignment of Error Number One {¶ 5} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING [MS. LIVCHAK] DAMAGES FOR NEGLIGENCE AND/OR BREACH OF WARRANTY BASED UPON THE EXPIRATION OF THE STATUTE OF LIMITATIONS."
{¶ 6} In its first assignment of error, Logsdon Sons has argued that the trial court erred in awarding damages to Ms. Livchak where Ms. Livchak's claims were barred by the applicable statutes of limitations. Specifically, Logsdon Sons has contended that Ms. Livchak's claim for breach of the warranty in the contract was barred by the four-year statute of limitations set forth at R.C. 1302.98. Logsdon Sons has further maintained that Ms. Livchak's claim under the CSPA is barred by the two-year limitations provision established by R.C.1345.10(C).
{¶ 7} This Court reviews de novo the trial court's denial of Logsdon Sons motion to dismiss on statutes of limitations grounds.IBEW, Local Union No. 8 v. Gromnicki (2000), 139 Ohio App.3d 641, 644.
{¶ 8} With respect to Logsdon Sons' argument that Ms. Livchak's CSPA claim is barred by a two-year limitations provision, we note that the trial court did not make any finding that Logsdon 
Sons was in violation of the CSPA. Nor did the court award Ms. Livchak treble damages or attorney's fees, which Ms. Livchak prayed for in her complaint and to which she may have been entitled if the court had found Logsdon Sons in violation of the CSPA. See R.C. 1345.09(B); R.C.1345.09(F)(2). Rather, the court determined that Logsdon Sons "didnot properly perform in [its] attempt to fix [Ms. Livchak's] basement," and awarded damages in the amount of the contract price. (Emphasis added.) The trial court clearly based its judgment on Ms. Livchak's claim for breach of the warranty in the contract, and not on her claim for recovery under the CSPA. Logsdon Sons' argument that the trial court erred by failing to give effect to the two-year statute of limitations found at R.C. 1345.10(C) is without merit.
{¶ 9} Logsdon Sons has also argued that Ms. Livchak's breach of warranty claim is barred by R.C. 1302.98(A), which provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." According to Logsdon 
Sons, Ms. Livchak's cause of action accrued on or about August 9, 1995, when she first discovered that the basement was leaking after the completion of its repair work. Logsdon Sons has maintained that by failing to file her complaint until July 31, 2000, Ms. Livchak did not commence the action within four years after her cause of action accrued, and the action is therefore barred by R.C. 1302.98(A).
{¶ 10} R.C. 1302.98(A), however, applies by its terms to "action[s] for breach of any contract for sale[.]" R.C. 1302.01 further defines the scope of "contracts for sale": "As used in [R.C. 1302.01 to R.C. 1302.98], unless the context otherwise requires: * * * `Contract' and `agreement' are limited to those relating to the present or future sale of goods." R.C. 1302.01(A)(11). See, also, R.C. 1302.02 ("Unless the context otherwise requires, [R.C. 1302.01 to R.C. 1302.98, inclusive] apply to transactions in goods[.]"). "Goods" include "all things * * * which are moveable at the time of identification to the contract for sale * * * [and] must be both existing and identified before any interest in them can pass." R.C. 1302.01(A)(8).
{¶ 11} Logsdon Sons' obligation under the contract was to repair Ms. Livchak's basement, and Logsdon Sons further warranted that the areas waterproofed would not leak for fifteen years. As such, the agreement between Logsdon Sons and Ms. Livchak was not a contract for the sale of goods within the definitions of R.C. Chapter 1302. Rather, the agreement was predominantly one for services, and any goods sold in connection with the agreement were incidental to the repair and waterproofing services. See Allied Indus. Serv. Corp. v. Kasle Iron Metals, Inc. (1977), 62 Ohio App.2d 144, 147 ("[T]he test for the inclusion in or the exclusion from [R.C. Chapter 1302] sales provisions is whether the predominant factor and purpose of the contract is the rendition of services, with goods incidentally involved, or whether the contract is for the sale of goods, with labor incidentally involved."). Consequently, the four-year limitations provision applicable to actions based on contracts for the sale of goods does not operate to bar Ms. Livchak's claim.
{¶ 12} Rather, Ms. Livchak's claim against Logsdon Sons for breach of its written warranty is governed by R.C. 2305.06, which provides: "Except as provided in [R.C. 126.301 and R.C. 1302.98], an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." See, e.g., Kocisko v. Charles Shutrump Sons Co. (1986),21 Ohio St.3d 98, 99 (holding that a claim alleging breach of contract to install a roof, where the roof had been leaking since the date of its installation, was subject to the fifteen-year statute of limitations set forth at R.C. 2305.06). Logsdon Sons' argument that the trial court erred in failing to apply the four-year limitations provision at R.C.1302.98 is not well taken.
 Assignment of Error Number Two {¶ 13} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING [MS. LIVCHAK] DAMAGES FOR BREACH OF CONTRACT."
{¶ 14} In its second assignment of error, Logsdon Sons has argued that the trial court erred in awarding Ms. Livchak damages for breach of contract. According to Logsdon Sons, trial testimony established that it performed its obligations under its contract with Ms. Livchak, and the court therefore erred in awarding damages based on breach of contract. This Court construes Logsdon Sons' argument under this assignment of error as a manifest weight of the evidence challenge.
{¶ 15} When an appellant challenges a judgment in a civil case as against the manifest weight of the evidence, an appellate court's standard of review is the same as that in a criminal context. Frederickv. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at 14. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 16} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
{¶ 17} An appellate court that overturns a trial court's judgment as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997),78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant.Otten, 33 Ohio App.3d at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 18} Logsdon Sons has argued that both Ms. Livchak and Kevin Henceroth, the owner of the construction company that Ms. Livchak hired to finally repair the leaking basement, testified that Logsdon Sons performed its obligations under the contract. However, it was undisputed that the contract contained a written warranty that the areas waterproofed were guaranteed not to leak for fifteen years. Ms. Livchak testified that approximately six months after Logsdon Sons completed its work in her basement, rainwater leaked in at the base of the floor. Ms. Livchak testified that on another occasion, rainwater came in on the east side of the house and collected in a puddle on the basement floor. Throughout her testimony, Ms. Livchak referred to notes she made after Logsdon Sons' repairs that documented the leaks. She stated that she contacted Logsdon Sons at least four times to report the leaks, but no one from Logsdon Sons returned to her home to address the problem.
{¶ 19} In addition, Mr. Henceroth testified that when Ms. Livchak called him in July 1998, there was standing water in her basement. Mr. Henceroth also identified photographs of Ms. Livchak's basement that were admitted into evidence showing between four and five inches of standing water in certain areas of the basement floor.
{¶ 20} Accordingly, the trial court did not create a manifest miscarriage of justice in concluding that Logsdon Sons breached the written warranty in its contract with Ms. Livchak, and awarding damages based on that breach. Logsdon Sons' second assignment of error is without merit.
 Assignment of Error Number Three {¶ 21} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING [MS. LIVCHAK] DAMAGES IN THE ABSENCE OF ANY EXPERT TESTIMONY."
{¶ 22} In its third assignment of error, Logsdon Sons has argued that the trial court erred in awarding damages to Ms. Livchak on a negligence theory in the absence of any expert testimony. Specifically, Logsdon Sons has contended that no expert testimony was offered regarding the "standard of care" with which it was required to perform the repair work described in the agreement.
{¶ 23} Logsdon Sons' third assignment of error is predicated on the assumption that the trial court entered judgment in favor of Ms. Livchak on a cause of action based on negligence. As our analysis of the first two assignments of error make clear, however, the trial court concluded that Logsdon Sons breached the warranty in its agreement with Ms. Livchak. Ms. Livchak's recovery was therefore based on Logsdon Sons' failure to perform according to the terms of its written contract, and not on any negligent performance of the repair work. Accordingly, Ms. Livchak was not required to establish a duty separate and apart from the warranty that was breached by Logsdon Sons, and was certainly not required to present expert testimony regarding a standard of care. Logsdon Sons' third assignment of error is without merit.
 III
{¶ 24} Logsdon Sons' assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.