[Cite as *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng. Inc.*, 2017-Ohio-8523.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

      CASE NO. 13-17-05

    PLAINTIFF-APPELLANT,
    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

      O P I N I O N

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 15 CV 0115

Judgment Affirmed

Date of Decision: November 13, 2017

APPEARANCES:

    *Christopher L. McCloskey and Tarik Kershah* for Appellant

    *Lee Ann Rabe and James Rook* for Appellee, The State of Ohio

**WILLAMOWKSI, J.**

{¶1} Plaintiff-appellant New Riegel Local School District Board of Education ("the School") brings this appeal from the judgment of the Court of Common Pleas of Seneca County dismissing the State of Ohio ("the State") as an involuntary plaintiff in this lawsuit. For the reasons set forth below, the judgment is affirmed.

{¶2} This case arises from the construction of a new Kindergarten through 12th Grade School Facility Project ("the Project") built as part of the Ohio Classroom Facilities Assistance Program. Doc. 2. As a result of the Project, the School entered into contracts with multiple contractors starting in February of 2000. *Id.* The contracts were all entered between the individual contractor, the School, the State, through the president and treasurer of the School, and the Ohio School Facilities Commission ("OSFC") as parties. *Id.* The general trade and roofing contracts were standard form contracts prepared by OSFC. *Id.* The date of occupancy of the Project was December 19, 2002. Doc. 88, Ex. K. A Certificate of Completion of the Project Agreement was issued by OSFC on March 3, 2004. Doc. 24. This certificate stated that OSFC's interest "is considered transferred to the School District, * * *." *Id.* at Ex. A. The certificate also provided that the School had sole responsibility for all facilities management, including the enforcement of warranties and guarantees. *Id.*

{¶3} Over time, the School had issues with the facilities, including but not limited to condensation and moisture intrusion allegedly caused by design and construction errors. Doc. 2. A complaint was filed by the School on April 30, 2015. *Id.* The complaint was brought in the name of the School with the State of Ohio and OSFC as involuntary plaintiffs. *Id.* The complaint named the Buehrer Group Architecture & Engineering, Inc., the Estate of Huber H. Buehrer (collectively known as "the Buehrer Group"), Studer-Obringer, Inc. ("SOI"), Charles Construction Services ("CCS"), and American Buildings Company as defendants. *Id.* On June 5, 2015, the State and OSFC filed a motion to dismiss them as involuntary plaintiffs to the action. Doc. 24. The School filed a response to this motion on June 15, 2015. Doc. 27. The State and OSFC responded to that response on June 26, 2015. Doc. 30.

{¶4} On February 10, 2016, the School filed an amended complaint in its own name and that of the State. Doc. 62. The amended complaint indicated that OSFC had been voluntarily dismissed as an involuntary plaintiff that was not necessary. *Id.* On March 1, 2016, the State filed a motion to be dismissed from the amended complaint as an involuntary plaintiff. Doc. 72. The School filed its memorandum in opposition to the motion on March 10, 2016. Doc. 74. The School then filed a second amended complaint on June 10, 2016. Doc. 88. This complaint added Ohio Farmers Insurance Co. ("OFIC") as a defendant. The State then filed a motion to be dismissed as an involuntary plaintiff from the second amended

-3-

complaint. Doc. 91. The School again filed a memorandum in opposition. Doc. 97. On July 1, 2016, the State filed its reply to the school's memorandum. On August 17, 2016, the State's motion to be dismissed was granted. Doc. 114. On January 25, 2017, the School filed its notice of appeal from the judgment granting the State's motion to dismiss as well as other judgments in the case. Doc. 140. This judgment was assigned appellate case number 13-17-05. The other judgments were assigned case numbers 13-17-03 (dismissal of case against SOI), 13-17-04 (dismissal of case against the Buehrer Group), and 13-17-06 (dismissal of case against CCS and OFIC). On appeal, the School raises the following assignments of error.

### First Assignment of Error

**The trial court erred in dismissing [the School's] breach of contract claims against [SOI], [CCS], and [The Buehrer Group], by finding that the Ohio Statute of Repose, R.C. 2305.131, barred [the School's] claims for breach of contract.**

### Second Assignment of Error

**The trial court erred in dismissing the claims against [SOI] and [CCS] as those contracts were entered with [the State] and general limitations periods do not apply to the State of Ohio.**

### Third Assignment of Error

**The trial court erred in finding that [the School] does not have authority to bring its action in the name of [the State].**

Case No. 13-17-05

**Fourth Assignment of Error**

>**The trial court erred in dismissing [the School's] claims against [OFIC], as surety for [SOI], on the basis that [the School's] surety bond claim against [OFIC] was barred by the virtue of the dismissal of the claims against [SOI].**

As only the third assignment of error deals with the State, which is the only party in the judgment appealed from in appellate case number 13-17-05, we need not address the other assignments of error in this opinion. They will be addressed in their respective cases.

{¶5} In the third assignment of error, the School claims that it had the authority to bring the case in the name of the State. The School argues that the State is a real party in interest and thus is a necessary party to the case.

>**Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substation shall have the same effect as if the action had been commenced in the name of the real party in interest.**

Civ.R. 17(A). In this case there is no question that the School is a real party in interest and has the authority to bring the suit in its own name. The Certificate of

Completion issued by OSFC specifically transferred the interest of OSFC, a state entity, to the School. The Certificate specified that the School was solely responsible for the ownership and management of the property, specifically any enforcement of warranties and guarantees associated with the project. The State does not claim that it has a continuing interest in the facilities once the project was completed.

{¶6} The School claims that it can require the State to be an involuntary plaintiff because one clause in the General Conditions form stated that the School could "maintain an action in the name of the State for violations of any law relating to the Project or for any injury to persons or property pertaining to the Work, or for any other cause which is necessary in the performance of the School District Board's and Commission's duties." This contract was entered between the School and the OSFC and basically granted the School the temporary right to act as a limited agent of the State, through the OSFC, and bind the State to the necessary contracts to build the new facility. As stated above, the involvement of the OSFC, and thus the State, terminated upon the issuance of the Certificate of Completion which transferred all rights and responsibilities to the School. The Certificate of Completion was issued after the General Conditions form and essentially terminated the School's ability to act as a limited agent of the State. Additionally, the only party which can represent the State in a court of law is the Office of the Attorney General. R.C. 109.02. "Except as provided in division (E) of section 120.06 and in sections 3517.152 to

3517.157 of the Revised Code, no state officer or board, or head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law [other than the attorney general]." *Id.* None of the exceptions listed in the statute apply in this situation.[1]

**{¶7}** As the Certificate of Completion ended the interest of OSFC, and thus the State, in the Project, the State was no longer a real party in interest. The trial court correctly dismissed the State as a party to the case. Thus, the third assignment of error is overruled.

**{¶8}** Having found no error in the particulars assigned and argued that are relevant to this appeal, the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**

---

[1] This court also notes that the School filed a mandamus action against OSFC based upon the same facts raised in this case. See Doc. 91 and *State ex rel. New Riegel Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 3d Dist. Seneca No. 13-16-22, 2017-Ohio-875. In that case, the School brought suit to compel OSFC to provide funding to repair the alleged construction defects in the Project. *Id*. at ¶ 4. This court held that upon the issuance of the Certificate of Completion, the interest of OSFC in the Project terminated. *Id.* at ¶29. The basis of the claims in this case are also to get damages for the alleged construction defects in the Project. This court notes that the attorney representing the School in the mandamus action which brought suit against an entity of the State has also now filed suit in the name of the State.