[Cite as *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng. Inc.*, 2017-Ohio-8522.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

    PLAINTIFF-APPELLANT,

    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 13-17-04

O P I N I O N

Appeal from Seneca County Common Pleas Court
Trial Court No. 15 CV 0115

**Judgment Affirmed in Part, Reversed in Part**

Date of Decision:  November 13, 2017

APPEARANCES:

    *Christopher L. McCloskey and Tarik Kershah* for Appellant

    *Michael J. Valentine* for Appellees, The Buehrer Group Architecture &
    Engineering, Inc. and Estate of Huber H. Buehrer

**WILLAMOWKSI, J.**

{¶1} Plaintiff-appellant New Riegel Local School District Board of Education ("the School") brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting the judgment on the pleadings filed by defendants-appellants the Buehrer Group Architecture & Engineering, Inc. ("the Group"), the Estate of Huber H. Buehrer ("the Estate") (collectively known as "the Buehrer Group"). For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} This case arises from the construction of a new Kindergarten through 12th Grade School Facility Project ("the Project") built as part of the Ohio Classroom Facilities Assistance Program. Doc. 2. As a result of the Project, the School entered into contracts with multiple contractors starting in February of 2000. *Id.* One of these contractors was the Buehrer Group. *Id.* The Group contracted with the school to provide professional design services for the Project. *Id.* at Ex. A. The School began occupying the school building on December 19, 2002, Doc. 88, Ex. K. The State issued a Certificate of Completion transferring all of the interest of the State in the project to the School on March 3, 2004. Doc. 24.

{¶3} Over time, the School had issues with the facilities, including but not limited to condensation and moisture intrusion allegedly caused by design and construction errors. Doc. 2. A complaint was filed by the School on April 30, 2015. *Id.* The complaint was brought in the name of the School with the State of Ohio

and OSFC as involuntary plaintiffs. *Id.* The complaint named the Buehrer Group, Studer-Obringer Inc. ("SOI"), Charles Construction Services ("CCS"), and American Buildings Company as defendants. *Id.* The complaint alleged in Count One that the Group breached its contract by failing to perform in accord with professional standards by failing "to properly design the roofing system and through-wall flashing system for the Project in a manner which prevented moisture intrusion, heat loss, and condensation related issues, [failing] to properly observe and report its findings related to defective work, [failing] to make appropriate recommendations for repair and improvement, and [failing] to comply with all state and local statutory requirements." *Id.* at 7. The complaint also claimed that the Estate was liable for the debts of the Group because Hubert H. Buehrer acted as a promoter of an unincorporated entity. *Id.* at 8. The Buehrer Group filed its answer to the complaint on June 3, 2015, denying the allegations in the complaint and listing several affirmative defenses. Doc. 21 and 22. The Estate specifically claimed that the claim was barred by R.C. 2117.06. Doc. 22 at 10. On September 8, 2015, the Buehrer Group filed a motion for judgment on the pleadings. Doc. 36. The School filed its response on September 25, 2015. Doc. 45.

{¶4} On February 10, 2016, the School filed an amended complaint in its own name and that of the State. Doc. 62. The amended complaint raised the same alleged breach of contract claims against the Buehrer Group as the first complaint did. Doc. 62. The Buehrer Group filed its answer to the amended complaint on

February 23, 2016. Doc. 67. The answer denied the allegations of the amended complaint and raised the same affirmative defenses. *Id.* On February 29, 2016, The Buehrer Group filed a motion for judgment on the pleadings pursuant to Civil Rule 12(C). Doc. 71. The Buehrer Group claimed that the claims raised by the School were time-barred by the statute of repose as set forth in R.C. 2305.131(A)(1), by the statute of limitations for professional negligence, and by R.C. 2117.06. *Id.* The School filed its memorandum in opposition to this motion on March 29, 2016. Doc. 79. The Buehrer Group then filed its reply to the memorandum of the School. Doc. 80.

{¶5} The School then filed a second amended complaint on June 10, 2016. Doc. 88. This complaint added Ohio Farmers Insurance Co. ("OFIC") as a defendant as the surety for SOI, but did not make any changes to the claims against the Buehrer Group. *Id.* The Buehrer Group filed its answer to the second amended complaint on June 29, 2016. Doc. 99. On July 25, 2016, The Buehrer Group renewed its motion for judgment on the pleadings pursuant to Civil Rule 12(C). Doc. 108. The School filed its memorandum in opposition to the motion on July 29, 2016. Doc. 109. A reply was filed by the Buehrer Group on August 3, 2016. Doc. 110. On August 24, 2016, the trial court granted the Buehrer Group's motion for judgment on the pleadings. Doc. 117. This judgment was based upon the statute of repose as set forth in R.C. 2305.131. *Id.* On January 25, 2017, the School filed its notice of appeal from this judgment granting the Buehrer Group's motion to

dismiss, as well as other judgments in the case. Doc. 137. This judgment was assigned appellate case number 13-17-04. The other judgments were assigned case numbers 13-17-03 (dismissal of case against SOI), 13-17-05 (dismissal of the State as a party), and 13-17-06 (dismissal of case against CCS and OFIC). On appeal, the School raises the following assignments of error.

## First Assignment of Error

**The trial court erred in dismissing [the School's] breach of contract claims against [SOI], [CCS], and [The Buehrer Group], by finding that the Ohio Statute of Repose, R.C. 2305.131, barred [the School's] claims for breach of contract.**

## Second Assignment of Error

**The trial court erred in dismissing the claims against [SOI] and [CCS] as those contracts were entered with [the State] and general limitations periods do not apply to the State of Ohio.**

## Third Assignment of Error

**The trial court erred in finding that [the School] does not have authority to bring its action in the name of [the State].**

## Fourth Assignment of Error

**The trial court erred in dismissing [the School's] claims against [OFIC], as surety for [SOI], on the basis that [the School's] surety bond claim against [OFIC] was barred by the virtue of the dismissal of the claims against [SOI].**

As only the first assignment of error applies to the Buehrer Group, that is the only assignment of error that will be addressed in this opinion. The remaining

assignments of error will be addressed in Appellate Case Numbers 13-17-03, 13-17-05, and 13-17-06 respectively.

{¶6} In the first assignment of error, as it applies to the Buehrer Group, the School claims that the trial court erred in dismissing with prejudice the claims against the Group and the Estate. The dismissal was granted by the trial court pursuant to the statute of repose which limits actions for damages based upon defective and unsafe conditions in improvements to real property.

> **(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.**
>
> **\* \* \***
>
> **(G) As used in this section, "substantial completion" means the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.**

R.C. 2305.131.

{¶7} The School argues that the statute of repose does not apply because they are bringing suit for breach of contract, not for a tort and the Statute of Repose does not apply to breach of contract claims. In support of this argument the School cites to *Kocisko v. Charles Shutrump & Sons Co. et al.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986), which held that the Statute of Repose did not apply in that case because it was a breach of contract case, not a tort case and the Statute of Repose does not apply to a contract case.[1] In *Kocisko*, the church took occupancy of the building on October 25, 1970. The roof of the building leaked from the date of its installation. The church then filed suit on November 6, 1981. The church brought suit for breach of contract alleging that the defendants failed to install the roof in a workmanlike manner. The Supreme Court of Ohio affirmed the judgment of the appellate court reversing summary judgment on the grounds that the statute of repose did not apply to cases based upon a breach of contract. *Id*. at 99. The School argues that since the current statute contains similar language to the one addressed by *Kocisko*, the same rule should be applied.

{¶8} A clear reading of the statute does not support this conclusion. The statute specifies that NO cause of action for damages to real property, resulting from the improvement to that real property, can be brought after 10 years from the time

---

[1] This court notes that the case was based upon a prior version of R.C. 2305.131 that is no longer in effect, but that the language is similar to the current version.

the improvements were substantially completed. R.C. 2305.131. The statute does not limit it to claims for torts only. Regardless of what the School labels this claim, the School is trying to collect damages resulting from an improvement, i.e. the Project, to real property. The statute specifically prohibits this. Thus, it would appear that the statute specifically denies the claims in this case. However, the Ohio Supreme Court has interpreted this language as applying to tort claims only. We are required to follow the ruling of the Supreme Court unless either the legislature or the Supreme Court chooses to modify it. Given the Supreme Court's holding in *Kocisko*, we find that the statute of repose does not apply to claims for breach of contract. The School premised its claims as breach of the terms in the contract. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.' " *Pearsall v. Guernsey*, 3d Dist. Hancock No. 5-16-25, 2017-Ohio-681, ¶ 9 (citations omitted). Viewing the allegations in a light most favorable to the School, we must find that the trial court erred in granting the motions to dismiss on the pleadings pursuant to the statute of repose. As the Supreme Court stated in *Kocisko*, "this court expresses no opinion as to the merit of any of the plaintiff's claims." *Kocisko, supra* at 99. This court merely holds that judgment on the pleadings in this case, as pled, is inappropriate.

{¶9} Although the statute of repose does not appear from the pleadings to apply in this case, making judgment on the pleadings improper, that is not the end of the analysis as it applies to the Estate. The motion for judgment on the pleadings also stated that the case against the estate should be dismissed pursuant to R.C. 2117.06(C). All claims made against an estate must be presented within six months of the death of the decedent. R.C. 2117.06(B). "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim * * *." R.C. 2117.06(C). In this case, the decedent's date of death was August 10, 2014. Doc. 88. Six months from the date of death is February 10, 2015. The School served notice of the claims on the executor on February 11, 2015. Doc. 88. This is past the six-month limit imposed by statute. The School argues that the time did not start to run until August 11, 2014, pursuant to Civil Rule 6(A). However, that day is included in the calculation making the last day notice could be given February 10, 2015. Since the School did not give notice by February 10, 2015, it is barred from pursuing a claim against the Estate. Thus, as to the Estate, the dismissal based upon the pleadings was ultimately correct. The first assignment of error is sustained as to the Group and the effect of the statute of repose, but is overruled as to the Estate and the effect of R.C. 2117.06(C).

{¶10} Having found error prejudicial to the Appellant in the particulars assigned and argued as it applies to the Group, the judgment of the Court of Common Pleas of Seneca County is reversed and the matter is remanded for further proceedings in accord with this opinion. Having found no error prejudicial to the Appellant in the particulars assigned and argued as it applies to the Estate, the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment Affirmed in Part,*
*Reversed in Part*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**