[Cite as *New Riegel Local School Dist. Bd. of Edn. v. Bueherer Group Architecture & Eng., Inc.*, 2019-Ohio-5040.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SENECA COUNTY

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

    PLAINTIFF-APPELLANT,
    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 13-17-03

**O P I N I O N**

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

    PLAINTIFF-APPELLANT,
    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 13-17-04

**O P I N I O N**

**NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,**

    **PLAINTIFF-APPELLANT,**
    -and-

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**

    **v.**

**THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,**

    **DEFENDANTS-APPELLEES.**

**CASE NO. 13-17-06**

**O P I N I O N**

**Appeal from Seneca County Common Pleas Court
Trial Court Nos. 15 CV 0115**

**Judgment Affirmed**

**Date of Decision: December 9, 2019**

**APPEARANCES:**

    *Christopher L. McCloskey and Tarik Kershah* **for Appellant**

    *Gregory D. Brunton and Allison R. Thomas* **for The Buehrer Group
    Architecture & Engineering, Inc.**

    *Marc A. Sanchez* **for Ohio Farmers Insurance Company**

    *Shannon J. George and Matthew T. Davis* **for Studer-Obringer, Inc.**

    *P. Kohl Schneider, Colleen A. Mountcastle and Melanie R. Irvine* **for
    Charles Construction Services, Inc.**

**WILLAMOWSKI, J.**

{¶1} These appeals are before this court upon remand from the Ohio Supreme Court. *New Riegel Local School Dist. Bd. of Education v. Buehrer Group Architecture & Engineering, Inc., et al.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482. Plaintiff-appellant New Riegel Local School District Board of Education ("the School") brought this appeal from the judgment of the Court of Common Pleas of Seneca County granting the judgment on the pleadings filed by defendants-appellants the Buehrer Group Architecture & Engineering, Inc. ("the Group"), Studer-Obringer, Inc. ("SOI"), Charles Construction Services, Inc. ("CCS"), and Ohio Farmers Insurance Company ("OFIC"). For the reasons set forth below, the judgments are affirmed.

{¶2} This case arises from the construction of a new Kindergarten through 12th Grade School Facility Project ("the Project") built as part of the Ohio Classroom Facilities Assistance Program. Doc. 2. As a result of the Project, the School entered into contracts with multiple contractors starting in February of 2000. *Id*. The Group contracted with the School to provide professional design services for the Project. SOI contracted with the school to serve as the general trades contractor for the Project. *Id*. CCS contracted with the school to serve as the roofing contractor for the Project. The School began occupying the school building on December 19,

2002, Doc. 88, Ex. K.  The State issued a Certificate of Completion transferring all of the interest of the State in the Project to the School on March 3, 2004.  Doc. 24.

{¶3}  Over time, the School had issues with the facilities, including but not limited to condensation and moisture intrusion allegedly caused by design and construction errors.  Doc. 2.  A complaint was filed by the School on April 30, 2015.  *Id.*  The complaint was brought in the name of the School with the State of Ohio and OSFC as involuntary plaintiffs.  *Id.*  The complaint named the Group, SOI, CCS, and American Buildings Company, among others, as defendants.  *Id.*  The complaint alleged in Count One that the Group breached its contract by failing to perform in accord with professional standards by failing  "to properly design the roofing system and through-wall flashing system for the Project in a manner which prevented moisture intrusion, heat loss, and condensation related issues, [failing] to properly observe and report its findings related to defective work, [failing] to make appropriate recommendations for repair and improvement, and [failing] to comply with all state and local statutory requirements."  *Id.* at 7.  The complaint also alleged that both SOI and CCS had breached its contract by failing to conform to the requisite standard of care to perform in a workmanlike manner.  Doc. 2. The Group, SOI, and CCS filed answers denying the allegations in the complaint and listing several affirmative defenses, including the statute of repose.  Doc. 21, 34, and 35.  On February 10, 2016, the School filed an amended complaint raising the same alleged breach of contract claims against the Group, SOI, and CCS as the first complaint did.  Doc. 62.  The Group, SOI and CCS all filed answers to the amended

complaint raising the same affirmative defenses.  Doc. 65, 67, and 68.  The Group and SOI filed motions for judgment on the pleadings pursuant to Civil Rule 12(C).  Doc. 70 and 71.  Both claimed that the claims raised by the School were time-barred by the statute of repose as set forth in R.C. 2305.131(A)(1).  *Id.*  The School filed memoranda in opposition to these motions.  Doc. 73 and 79.

{¶4}  The School then filed a second amended complaint on June 10, 2016.  Doc. 88.  This complaint added OFIC as a defendant as the surety for SOI, but did not make any changes to the claims against SOI, the Group, or CCS.  *Id.*  The Group, SOI, CCS, and OFIC all filed answers to the second amended complaint Doc. 93, 99, 102, 113.  The Group and SOI then renewed their respective motions for judgment on the pleadings pursuant to Civil Rule 12(C).  Doc. 95 and 108.  On August 24, 2016, the trial court granted the Group's and SOI's motions for judgment on the pleadings.  Doc. 116 and 117.  These judgments were based upon the statute of repose as set forth in R.C. 2305.131.  *Id.*

{¶5}  After the trial court had granted both SOI's and the Group's motions for judgment on the pleadings based upon the statute of repose, CCS filed its own motion for judgment on the pleadings also based upon the statute of repose.  Doc. 124.  On October 31, 2017, the trial court granted CCS's motion for judgment on the pleadings.  Doc. 129.  Likewise, OFIC filed a motion for judgment on the pleadings on September 6, 2016.  Doc. 119.  OFIC argued that since SOI was dismissed, OFIC was no longer liable as the surety for SOI and must also be dismissed.  *Id.*  The School filed its response to OFIC's motion on September 9,

2016. Doc. 120. In the same entry that granted CCS' motion for judgment on the pleadings, the trial court also granted OFIC's motion for judgment on the pleadings and both parties were dismissed. Doc. 129.

{¶6} On January 25, 2017, the School filed notices of appeal from these judgments of dismissal. Doc. 134, 137, and 143. The judgment dismissing SOI was assigned appellate case number 13-17-03. The judgment dismissing OFIC and CCS was assigned appellate case number 13-17-06. The dismissal of the Buehrer Group was assigned appellate case number 13-17-04. On appeal, these cases were all reversed on the grounds that pursuant to the holding of the Ohio Supreme Court in *Kocisko v. Charles Shutrump & Sons Co., et al.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986), the statute of repose did not apply to a breach of contract case, only those based in tort. *Id.* at 99. Since the causes of action in the cases before us, when read in a light most favorable to the School, were based upon breaches of contract claims, this Court determined it had no choice but to follow Supreme Court precedent and find the statute of repose to be inapplicable. *See New Riegel Local School Dist. Bd. of Education, et al. v. The Buehrer Group Architecture & Engineering, Inc., et al.*, 3d Dist. Seneca Nos. 13-17-03, 13-17-04, and 13-17-06, 2017-Ohio-8522 and 2017-Ohio-8521. SOI, CCS, the Group, and OFIC appealed these holdings to the Ohio Supreme Court. On July 17, 2019, the Ohio Supreme Court reversed this Court and remanded the matter to us on the grounds that stare decisis no longer compelled this Court to apply the holding in *Kocisko* to these claims. Thus, the matter is remanded for us to review.

{¶7}   On remand, this Court will address the following relevant assignments of error from the School.[1]

## First Assignment of Error

**The trial court erred in dismissing [the School's] breach of contract claims against [SOI], [CCS], and [The Group], by finding that the Ohio Statute of Repose, R.C. 2305.131, barred [the School's] claims for breach of contract.**

## Second Assignment of Error

**The trial court erred in dismissing the claims against [SOI] and [CCS] as those contracts were entered with [the State] and general limitations periods do not apply to the State of Ohio.**

**\* \* \***

## Fourth Assignment of Error

**The trial court erred in dismissing [the School's] claims against [OFIC], as surety for [SOI], on the basis that [the School's] surety bond claim against [OFIC] was barred by the virtue of the dismissal of the claims against [SOI].**

{¶8}   In the first assignment of error, as it applies to SOI, CCS, and the Group, the School claims that the trial court erred in dismissing with prejudice the claims against those parties.  The dismissal was granted by the trial court pursuant to the statute of repose which limits actions for damages based upon defective and unsafe conditions in improvements to real property.

> **(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to**

---

[1] The third assignment of error was dealt with in appellate case number 13-17-05 and is not before this court on remand.

**recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.**

**\* \* \***

**(G) As used in this section, "substantial completion" means the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.**

R.C. 2305.131.

{¶9} The School argued that the statute of repose does not apply because they are bringing suit for breach of contract, not for a tort and the statute of repose does not apply to breach of contract claims. In support of this argument the School cites to *Kocisko supra*, which held that the statute of repose did not apply in that case because it was a breach of contract case, not a tort case and the statute of repose does not apply to a breach of contract case.[2] However, the Supreme Court of Ohio

---

[2] This court notes that the case was based upon a prior version of R.C. 2305.131 that is no longer in effect, but that the relevant language is quite similar to the current version.

recently held that *Kocisko* is not applicable in this case and that the statute did apply. *New Riegel, supra*, 2019-Ohio-2851 at ¶ 21-23.

{¶10} R.C. 2305.131 specifies that no cause of action for damages to real property, resulting from the improvement to that real property, can be brought after 10 years from the time the improvements were substantially completed. The School is trying to collect damages resulting from an improvement, i.e. the Project, to real property. The School began occupying the building in 2002 and the Certificate of Completion was issued in 2004. The School did not file its complaint until 2015, which exceeds the ten year time limit set forth in the statute. The statute specifically prohibits this. Thus, it would appear that the statute specifically prohibits the filing of the claims in this case.

{¶11} The Supreme Court of Ohio has held that the statute of repose "applies to civil actions commenced after the effective date of the statute regardless of when the cause of action accrued." *Oaktree Condominium Assn., Inc. v. Hallmark Bldg. Co.,* 139 Ohio St.3d 264, 2014-Ohio-1937, ¶ 8, 11 N.E.3d 266. The plain language of R.C. 2305.131(A), cuts off liability for injuries arising out of defective conditions of an improvement to real estate that are brought more than ten years after the substantial completion of the improvement. Substantial completion is defined as the date when the owner of the property first uses the property after the improvements are completed. Even if we view this date in a light most favorable to the School and use the date of the certificate of completion, which was March 3, 2004, the complaint was not filed until April 30, 2015. This is more than ten years

after the latest possible date of substantial completion. For that reason, the first assignment of error is overruled.

{¶12} The School argues in its fourth assignment of error that the trial court erred in dismissing OFIC as surety for SOI. A surety's liability "is dependent upon, and can be no greater than, that of the principal." *State v. Herbert,* 49 Ohio St.2d 88, 358 N.E.2d 1090 (1976). If the claim against the principal is barred by the statute of repose, then the claim against the surety is barred as well. *Bd. of Education of Tuslaw Local School Dist. v. CT Taylor Co., Inc.*, 5th Dist. Stark No. 2018CA00099, 2019-Ohio-1731, ¶ 33. Having determined that the trial court correctly granted judgment on the pleadings based upon the statute of repose, there are no longer any outstanding claims against SOI. The result of this is that the claim against OFIC, as the surety of SOI, must also fail. The trial court did not err in dismissing OFIC and the fourth assignment of error is overruled.

{¶13} In the second assignment of error, the School argues that the trial court erred in dismissing the claims pursuant to the statute of repose because the contracts were entered with the State and the limitation does not apply to the State. This court has already determined that the State is not a party to this matter. *New Riegel Local School Dist., Bd. of Education v. Buehrer Group Architecture & Engineering, Inc., et al.*, 3d Dist. Seneca No. 13-17-05, 2017-Ohio-8523, ¶ 7. In that opinion, this Court stated that there was a contract between the State of Ohio and the School which permitted the School to act as a limited agent of the State and bind the State to the necessary contracts to build the new facility. *Id.* at ¶ 6. However, this limited

agency ended when the State issued the Certificate of Completion. *Id.* The Certificate of Completion "specified that the School was solely responsible for the ownership and management of the property, specifically any enforcement of warranties and guarantees associated with the project." *Id.* Thus, this court held that the State was not a real party in interest and was properly dismissed from the case, leaving only the School as the plaintiff. *Id.*

{¶14} The State and the School are not the same entity, thus the same rules do not apply to the School as would apply to the State. A school district is a political subdivision, not a State entity. R.C. 2744.01(F). The School does not argue and points to no authority which would permit it to have sovereign immunity from the statute of repose as a political subdivision. This Court has found no such authority. Since the School is not entitled to claim the sovereign immunity of the State, in this case, the second assignment of error is overruled.

{¶15} Having found no error prejudicial to the Appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Seneca County are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**