[Cite as *New Riegel Local School Dist. Bd. of Edn. v. Bueherer Group Architecture & Eng. Inc.*, 2017-Ohio-8521.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

       CASE NO. 13-17-03

    PLAINTIFF-APPELLANT,
    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

       O P I N I O N

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

NEW RIEGEL LOCAL SCHOOL
DISTRICT, BOARD OF EDUCATION,

       CASE NO. 13-17-06

    PLAINTIFF-APPELLANT,
    -and-

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

       O P I N I O N

THE BUEHRER GROUP
ARCHITECTURE & ENGINEERING,
INC., ET AL.,

    DEFENDANTS-APPELLEES.

Case No. 13-17-03 and 13-17-06

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 15 CV 0115**

**Judgment Reversed, Cause Remanded**

**Date of Decision:  November 13, 2017**

**APPEARANCES:**

>   *Christopher L. McCloskey and Tarik Kershah* **for Appellant**
>
>   *Shannon J. George and Matthew T. Davis* **for Appellee, Studer-Obringer, Inc.**
>
>   *P. Kohl Schneider, Colleen A. Mountcastle and Melanie R. Irvin* **for Appellee Charles Construction Services, Inc.**
>
>   *Marc A. Sanchez and Michael J. Frantz, Jr.* **for Appellee Ohio Farmer's Insurance Company**

**WILLAMOWSKI, J.**

**{¶1}** Plaintiff-appellant New Riegel Local School District Board of Education ("the School") brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting the judgment on the pleadings filed by defendants-appellees Studer-Obringer, Inc. ("SOI"), Charles Construction Services, Inc. ("CCS"), and Ohio Farmers Insurance Company ("OFIC").  For the reasons set forth below, the judgment is reversed.

{¶2} This case arises from the construction of a new Kindergarten through 12th Grade School Facility Project ("the Project") built as part of the Ohio Classroom Facilities Assistance Program. Doc. 2. As a result of the Project, the School entered into contracts with multiple contractors starting in February of 2000. *Id.* SOI contracted with the school to serve as the general trades contractor for the Project. *Id.* CCS contracted with the school to serve as the roofing contractor for the Project. The School began occupying the school building on December 19, 2002, Doc. 88, Ex. K. The State issued a Certificate of Completion transferring all of the interest of the State in the Project to the School on March 3, 2004. Doc. 24.

{¶3} Over time, the School had issues with the facilities, including but not limited to condensation and moisture intrusion allegedly caused by design and construction errors. Doc. 2. A complaint was filed by the School on April 30, 2015. *Id.* The complaint was brought in the name of the School with the State of Ohio and OSFC as involuntary plaintiffs. *Id.* The complaint named the Buehrer Group Architecture & Engineering, Inc., the Estate of Huber H. Buehrer (collectively known as "the Buehrer Group"), SOI, CCS, and American Buildings Company as defendants. *Id.* The complaint alleged that both SOI and CCS had breached its contract by failing to conform to the requisite standard of care to perform in a workmanlike manner. *Id.* SOI filed its answer to the complaint on July 13, 2015, denying the allegations in the complaint and listing several affirmative defenses, including the statute of repose. Doc. 34. CCS filed its answer to the complaint on

July 31, 2015, also denying the allegations in the complaint and listing several affirmative defenses including the statute of repose. Doc. 35.

{¶4} On February 10, 2016, the School filed an amended complaint in its own name and that of the State. Doc. 62. The amended complaint raised the same alleged breach of contract claims against SOI and CCS as the first complaint did. Doc. 62. SOI filed its answer to the amended complaint on February 16, 2016. Doc. 65. CCS filed its answer to the amended complaint on February 23, 2016. Doc. 68. Both answers denied the allegations of the amended complaint and raised the same affirmative defenses. Doc. 62 and 65. On February 26, 2016, SOI filed a motion for judgment on the pleadings pursuant to Civil Rule 12(C). Doc. 70. SOI claimed that the claims raised by the School were time-barred by the statute of repose as set forth in R.C. 2305.131(A)(1). *Id.* The School filed its memorandum in opposition to this motion on March 4, 2016. Doc. 73. SOI then filed its reply to the memorandum of the School. Doc. 75

{¶5} The School then filed a second amended complaint on June 10, 2016. Doc. 88. This complaint added OFIC as a defendant as the surety for SOI, but did not make any changes to the claims against SOI. *Id.* SOI filed its answer to the second amended complaint on June 20, 2016. Doc. 93. On June 23, 2016, SOI renewed its motion for judgment on the pleadings pursuant to Civil Rule 12(C). Doc. 95. The School filed its memorandum in opposition to the motion on July 13, 2016. Doc. 102. A reply was filed by SOI on July 20, 2016. Doc. 107. On August

24, 2016, the trial court granted SOI's motion for judgment on the pleadings. Doc. 116. This judgment was based upon the statute of repose as set forth in R.C. 2305.131. *Id.*

{¶6} CCS filed its answer to the second amended complaint on June 28, 2016. Doc. 102. After the trial court had granted both SOI's and The Buehrer Group's motions for judgment on the pleadings based upon the statute of repose, CCS filed its own motion for judgment on the pleadings also based upon the statute of repose. Doc. 124. The School filed a response to CCS's motion on September 28, 2016. Doc. 126. On October 31, 2017, the trial court granted CCS's motion for judgment on the pleadings. Doc. 129.

{¶7} OFIC filed its answer to the second amended complaint on August 15, 2016. Doc. 113. Following the dismissal of SOI as a party, OFIC filed a motion for judgment on the pleadings on September 6, 2016. Doc. 119. OFIC argued that since SOI was dismissed, OFIC was no longer liable as the surety for SOI and must also be dismissed. *Id.* The School filed its response to OFIC's motion on September 9, 2016. Doc. 120. In the same entry that granted CCS' motion for judgment on the pleadings, the trial court also granted OFIC's motion for judgment on the pleadings and both parties were dismissed. Doc. 129.

{¶8} On January 25, 2017, the School filed its notice of appeal from the judgment dismissing SOI as a party. Doc. 134. This judgment was assigned appellate case number 13-17-03. The School also filed its notice of appeal from the

judgment dismissing CCS and OFIC. Doc. 143. This judgment was assigned appellate case number 13-17-06. The other judgments were assigned case numbers 13-17-04 (dismissal of case against the Buehrer Group) and 13-17-05 (dismissal of the State as a party). On appeal, the School raises the following assignments of error.

### First Assignment of Error

**The trial court erred in dismissing [the School's] breach of contract claims against [SOI], [CCS], and [The Buehrer Group], by finding that the Ohio Statute of Repose, R.C. 2305.131, barred [the School's] claims for breach of contract.**

### Second Assignment of Error

**The trial court erred in dismissing the claims against [SOI] and [CCS] as those contracts were entered with [the State] and general limitations periods do not apply to the State of Ohio.**

### Third Assignment of Error

**The trial court erred in finding that [the School] does not have authority to bring its action in the name of [the State].**

### Fourth Assignment of Error

**The trial court erred in dismissing [the School's] claims against [OFIC], as surety for [SOI], on the basis that [the School's] surety bond claim against [OFIC] was barred by the virtue of the dismissal of the claims against [SOI].**

As the third assignment of error applies only to the State, we need not address that assignment of error in this opinion. It will be addressed in Appellate Case No. 13-17-05.

{¶9} In the first assignment of error, as it applies to SOI, the School claims that the trial court erred in dismissing with prejudice the claims against SOI. The dismissal was granted by the trial court pursuant to the statute of repose which limits actions for damages based upon defective and unsafe conditions in improvements to real property.

> **(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.**
>
> **\* \* \***
>
> **(G) As used in this section, "substantial completion" means the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.**

R.C. 2305.131.

{¶10} The School argues that the statute of repose does not apply because they are bringing suit for breach of contract, not for a tort and the statute of repose does not apply to breach of contract claims. In support of this argument the School cites to *Kocisko v. Charles Shutrump & Sons Co. et al.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986), which held that the statute of repose did not apply in that case because it was a breach of contract case, not a tort case and the statute of repose does not apply to a contract case.[1]     In *Kocisko*, the church took occupancy of the building on October 25, 1970. The roof of the building leaked from the date of its installation. The church then filed suit on November 6, 1981. The church brought suit for breach of contract alleging that the defendants failed to install the roof in a workmanlike manner. The Supreme Court of Ohio affirmed the judgment of the appellate court reversing summary judgment on the grounds that the statute of repose did not apply to cases based upon a breach of contract. *Id*. at 99. The School argues that since the current statute contains similar language to the one addressed by *Kocisko*, the same rule should be applied.

{¶11} A clear reading of the statute does not support this conclusion. The statute specifies that NO cause of action for damages to real property, resulting from the improvement to that real property, can be brought after 10 years from the time

---

[1] This court notes that the case was based upon a prior version of R.C. 2305.131 that is no longer in effect, but that the language is similar to the current version.

the improvements were substantially completed. R.C. 2305.131. The statute does not limit it to claims for torts only. Regardless of what the School labels this claim, the School is trying to collect damages resulting from an improvement, i.e. the Project, to real property. The statute specifically prohibits this. Thus, it would appear that the statute specifically denies the claims in this case. However, the Ohio Supreme Court has interpreted this language as applying to tort claims only. We are required to follow the ruling of the Supreme Court unless either the legislature or the Supreme Court chooses to modify it. Given the Supreme Court's holding in *Kocisko*, we find that the statute of repose does not apply to claims for breach of contract.

{¶12} The School premised its claims as breach of the terms in the contract. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" *Pearsall v. Guernsey*, 3d Dist. Hancock No. 5-16-25, 2017-Ohio-681, ¶ 9 (citations omitted). Viewing the allegations in a light most favorable to the School, we must find that the trial court erred in granting the motion to dismiss on the pleadings pursuant to the statute of repose. As the Supreme Court stated in *Kocisko*, "this court expresses no opinion as to the merit of any of the plaintiff's claims." *Kocisko, supra* at 99. This court

merely holds that judgment on the pleadings in this case, as pled, is inappropriate.[2] For that reason, the first assignment of error is sustained as it applies to SOI and CCS.

{¶13} The School argues in its fourth assignment of error that the trial court erred in dismissing OFIC as surety for SOI. The decision to dismiss OFIC was based upon the fact that SOI had been dismissed from the case. The reasoning of the trial court that a surety cannot be liable if there is no valid claim against the principal is correct. However, as we have determined that the trial court erred in granting judgment on the pleadings based upon the statute of repose, SOI is once again a party against whom a valid claim may lie. The result of this is that OFIC is once again the surety for a party and should not have been dismissed from the case. For this reason, the fourth assignment of error is sustained.

{¶14} In the second assignment of error, the School says that the trial court erred in dismissing the claims pursuant to the statute of repose because the contracts were entered with the State and the limitation does not apply to the State. Since this court has determined that the statute of repose does not apply to the alleged breaches of contract, this assignment of error is moot and need not be addressed by this court.

---

[2] This court does not make any determination as to whether or not this case actually is based upon a breach of contract. The only issue before this court is whether viewing the pleadings in a light most favorable to the plaintiff, a viable cause of action could exist. Since it is arguable that this is a breach of contract case, the granting of judgment on the pleadings was not appropriate.

App.R. 12(A)(1)(c). Additionally, for the reason set forth above, the third assignment of error will not be addressed in this opinion.

**{¶15}** Having found error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**