[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.,* Slip Opinion No. 2019-Ohio-2851.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2851

NEW RIEGEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.* BUEHRER GROUP ARCHITECTURE & ENGINEERING, INC., ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.,* Slip Opinion No. 2019-Ohio-2851.]

*Contracts—Construction statute of repose, R.C. 2305.131—Court of appeals erred in reversing trial court's dismissal of school district's breach-of-contract claims as time-barred and in applying stare decisis to hold that current version of R.C. 2305.131 applies only to tort claims—Construction statute of repose is not limited to tort actions but also applies to contract actions that meet requirements of R.C. 2305.131—Court of appeals' judgments reversed and causes remanded.*

(Nos. 2018-0189 and 2018-0213—Submitted March 5, 2019—Decided July 17, 2019.)

APPEALS from the Court of Appeals for Seneca County, No. 13-17-04, 2017-Ohio-8522, and Nos. 13-17-03 and 13-17-06, 2017-Ohio-8521.

_____

**FRENCH, J.**

{¶ 1} These consolidated appeals ask whether Ohio's construction statute of repose, R.C. 2305.131, applies to actions sounding in contract as well as to actions sounding in tort. We hold that R.C. 2305.131, as enacted in Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7937-7938, applies to any cause of action, whether sounding in tort or contract, so long as the cause of action meets the requirements of the statute.

*Facts and Procedural Background*

{¶ 2} These appeals arise from the design and construction of a public-school building (the "Project") for the New Riegel Local School District. The Project, which was substantially completed and approved for occupancy in December 2002, was built as part of the Ohio Classroom Facilities Assistance Program, administered by the Ohio School Facilities Commission. Appellee, the New Riegel Local School District Board of Education ("New Riegel"), alleges that condensation, moisture intrusion, and other deficiencies exist in various areas of the Project, as a result of improper design and construction.

{¶ 3} The Buehrer Group Architecture & Engineering contracted with New Riegel to provide design services for the Project; New Riegel alleges that the subsequently incorporated Buehrer Group Architecture & Engineering, Inc. (collectively, with the unincorporated entity, "the Buehrer Group"), adopted, benefited from, and provided services for New Riegel on the contract. Studer-Obringer, Inc., and Charles Construction Services, Inc., served as the general-trades contractor and the roofing contractor, respectively, on the Project, pursuant to contracts with the state; New Riegel was an intended beneficiary of those contracts. In January 2015, New Riegel served the Buehrer Group, Studer-Obringer, and Charles Construction with notices of claims regarding alleged defects in the school building. The Buehrer Group, Charles Construction, Studer-Obringer, and Ohio

Farmers Insurance Company—the surety for Studer-Obringer and Charles Construction—are appellants here.

{¶ 4} New Riegel filed this action in April 2015.[1]  New Riegel's second amended complaint asserts claims against the Buehrer Group, the Estate of Huber H. Buehrer, Studer-Obringer, Charles Construction, American Buildings Company d.b.a. Architectural Metal Systems, and Ohio Farmers.  As relevant here, New Riegel alleges claims for breach of contract against the Buehrer Group, Studer-Obringer, and Charles Construction; a claim for breach of express warranty against Charles Construction; and claims against Ohio Farmers on its surety bonds.  It alleges that the Buehrer Group, Studer-Obringer, and Charles Construction "failed to provide [services or work] in conformance to the terms of" their contracts and that Studer-Obringer and Charles Construction failed to conform "with the requisite standard of care to perform in a workmanlike manner."  New Riegel alleges that as a result, it has incurred damages, including damages for "physical damage to property."

{¶ 5} In their answers and/or motions for judgment on the pleadings, appellants argued that the statute of repose in R.C. 2305.131 barred New Riegel's claims because substantial completion of the Project occurred more than ten years before New Riegel filed its claims.  The trial court granted appellants' motions for judgment on the pleadings and dismissed as time-barred New Riegel's breach-of-contract claims against the Buehrer Group, Studer-Obringer, and Charles Construction.  The trial court also dismissed New Riegel's claim against Ohio Farmers as surety for Studer-Obringer.  Pursuant to Civ.R. 54(B), the trial court certified that there was no just reason for delay and that the judgment entries were final, appealable orders.

---

1. The original complaint named the Ohio School Facilities Commission as an involuntary plaintiff, but New Riegel dropped the Ohio School Facilities Commission as an involuntary plaintiff when it filed its first amended complaint.

**{¶ 6}** The Third District Court of Appeals reversed the trial court's judgment in two opinions containing nearly identical language. Although it stated that R.C. 2305.131, on its face, appeared to bar New Riegel's breach-of-contract claims, the Third District determined that it was required to follow this court's decision in *Kocisko v. Charles Shutrump & Sons Co.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986), and to hold that R.C. 2305.131 does not apply to claims for breach of contract. 2017-Ohio-8521, ¶ 11; 2017-Ohio-8522, ¶ 8. Having determined that R.C. 2305.131 does not apply to breach-of-contract claims, the Third District did not address New Riegel's assignment of error arguing that R.C. 2305.131 does not bar its claims against Studer-Obringer and Charles Construction, because the state, with which those entities had contracted, is not subject to statutes of repose. 2017-Ohio-8521 at ¶ 14.

**{¶ 7}** This court accepted and consolidated appellants' discretionary appeals. 152 Ohio St.3d 1478, 2018-Ohio-1990, 98 N.E.3d 293. Although phrased differently by different appellants, the accepted propositions of law essentially ask this court to hold (1) that R.C. 2305.131's statute of repose applies to both tort and contract actions and (2) that stare decisis should not be applied when, as here, the General Assembly has repealed and replaced the statute construed in the precedent.

*Standard of Review*

**{¶ 8}** The trial court entered judgment on the pleadings for appellants pursuant to Civ.R. 12(C). Dismissal is appropriate under Civ.R. 12(C) when a court construes as true the material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, and finds, beyond doubt, that the plaintiff can prove no set of facts that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Appellate review of a judgment on the pleadings involves only questions of law and is therefore de novo. *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18. Similarly, questions of

4

statutory construction constitute legal issues that we decide de novo on appeal. *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, 82 N.E.3d 1105, ¶ 8.

*Analysis*

**{¶ 9}** The overarching issue before this court is the meaning of the current version of R.C. 2305.131(A)(1), enacted as part of Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, and, particularly, whether the current statute applies to actions sounding in contract as well as to actions sounding in tort. In making that determination, we consider whether we are constrained by the doctrine of stare decisis. But before turning to the question of stare decisis, we briefly review the history of R.C. 2305.131.

**The evolution of R.C. 2305.131**

**{¶ 10}** The General Assembly first enacted R.C. 2305.131 in 1963. Am.S.B. No. 112, 130 Ohio Laws, Part I, 648. With the enactment of R.C. 2305.131, Ohio joined the many states that had enacted construction statutes of repose in the late 1950s and early 1960s in response to the expansion of the common-law liability of architects and builders to third parties with whom they lacked privity of contract. *Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 195, 551 N.E.2d 938 (1990), *overruled on other grounds*, *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 639 N.E.2d 425 (1994), citing *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1368 (6th Cir.1984); *Kocisko*, 21 Ohio St.3d at 101, 488 N.E.2d 171 (Wright, J., dissenting) ("Almost every state, including Ohio, enacted this type of statute, recognizing that architects and builders were exposed to liability for an indefinite time due to the longevity of buildings"); s*ee also* 2 Acret and Perrochet, *Construction Litigation Handbook*, Section 22:4, at 1249-1250 (2018-2019 Ed.2018).

**{¶ 11}** A statute of repose is a statute that bars "any suit that is brought after a specified time since the defendant acted * * *, even if this period ends before the

plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1637 (10th Ed.2014). The repose period begins to run " 'when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.' " *Id.*, quoting 54 Corpus Juris Secundum, Limitations of Actions, Section 4, at 20-21 (1987).

{¶ 12} This court first addressed R.C. 2305.131 in *Kocisko*. The relevant version of the statute, enacted in 1971, stated:

No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

Am.S.B. No. 307, 134 Ohio Laws, Part I, 529, 530.

{¶ 13} We noted in *Kocisko* that the 1971 version of R.C. 2305.131 applied only to "actions for injury to real or personal property, bodily injury, or wrongful death, 'arising out of the defective and unsafe condition of an improvement to real property.' " *Kocisko*, 21 Ohio St.3d at 99, 488 N.E.2d 171, quoting Am.S.B. No.

307, 134 Ohio Laws, Part I, at 530. We stated that the statutory language was "uniformly used to describe tortious conduct" and that the statute's use of the terms " 'defective' *and* 'unsafe' to describe the improvements at issue distinguish[ed] the actions contemplated within the statute from warranty or other contractual claims." (Emphasis sic.) *Id.* We therefore held that the 1971 version of R.C. 2305.131 applied only to tort actions. *Id.* at the syllabus.

{¶ 14} In 1994, this court held that the 1971 version of R.C. 2305.131—the version at issue in *Kocisko*—violated the right to a remedy guaranteed by Article I, Section 16 of the Ohio Constitution because it deprived claimants of the right to sue before they knew or could have known about their injuries. *Brennaman*, 70 Ohio St.3d at 466-467, 639 N.E.2d 425, overruling *Sedar*, 49 Ohio St.3d 193, 551 N.E.2d 938. *Brennaman* involved personal injuries that were incurred more than ten years after the defendants provided design and engineering services relating to the construction of a titanium metal plant. If applicable, the 1971 version of R.C. 2305.131 would have barred the plaintiffs' claims before they ever suffered an injury. We stated, "At a minimum, Section 16, Article I requires that the plaintiffs have a reasonable period of time to enter the courthouse to seek compensation after the accident." *Id.* at 466.

{¶ 15} In 1996, partly in response to *Brennaman*, the General Assembly repealed the 1971 version of R.C. 2305.131 and enacted a new version of the statute, which began:

> (A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for an injury to real or personal property, bodily injury, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property

* * * shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than fifteen years from the date of the performance of the services or the furnishing of the design, planning, supervision of construction, or construction.

Am.Sub.H.B. No. 350 ("H.B. 350"), 146 Ohio Laws, Part II, 3867, 3917.

{¶ 16} Whereas the 1971 version of R.C. 2305.131 precluded the *commencement* of an action, the H.B. 350 version of R.C. 2305.131 precluded the *accrual* of a cause of action. The General Assembly stated its understanding that the H.B. 350 version of R.C. 2305.131 would not violate the right to a remedy, because it did not deny a remedy to a claimant with a vested cause of action but instead precluded a cause of action from ever vesting. *Id.* at Section 5(E)(5), 146 Ohio Laws, Part II, at 4022. But after this court held that H.B. 350 violated the Ohio Constitution's single-subject rule, *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999), paragraph three of the syllabus, the General Assembly repealed R.C. 2305.131, "both as it results from and as it existed prior to its repeal and re-enactment by" H.B. 350. Sub.S.B. No. 108, Section 2.02(E), 149 Ohio Laws, Part I, 382, 499. The repeal took effect on July 6, 2001. *Id.* at Section 9, 149 Ohio Laws, Part I, at 511.

{¶ 17} In 2004, the General Assembly enacted the current version of R.C. 2305.131, which is substantially similar to the H.B. 350 version of the statute. It begins:

(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2),

(A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, at 7937-7938. The General Assembly recognized that the availability of evidence pertaining to an improvement to real property more than ten years after completion is problematic and that it is an unacceptable burden to require the maintenance of records and documentation pertaining to an improvement to real property for more than ten years after completion. *Id.* at Section 3(B)(3) and (4), 150 Ohio Laws, Part V, at 8029. It intended the current version of R.C. 2305.131 "to preclude the pitfalls of stale litigation." *Id.* at Section 3(B)(5), 150 Ohio Laws, Part V, at 8029.

**Stare decisis**

{¶ 18} The Third District held that stare decisis required it to follow *Kocisko* and to hold that the current version of R.C. 2305.131, like the 1971 version of the statute, applies only to claims sounding in tort. 2017-Ohio-8521 at ¶ 11; 2017-Ohio-8522 at ¶ 8. The doctrine of stare decisis requires a court to recognize and follow an established legal decision in subsequent cases in which the question of law is again in controversy. *Clark v. Snapper Power Equip., Inc.*, 21 Ohio St.3d 58, 60, 488 N.E.2d 138 (1986). As a result, "[w]ell-reasoned opinions become controlling precedent, thus creating stability and predictability in our legal system."

*Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1.

{¶ 19} Considerations of stare decisis are particularly apt in the area of statutory construction because if the legislature disagrees with a court's interpretation of a statute, it may amend the statute. *Pearson v. Callahan*, 555 U.S. 223, 233, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 6, 539 N.E.2d 103 (1989). But questions about the applicability of stare decisis arise when, as here, the legislature *has* amended a statute subsequent to a judicial interpretation of the statute. Appellants argue that stare decisis should not be applied here, because the General Assembly repealed the version of R.C. 2305.131 addressed in *Kocisko* and has enacted a substantially different version.

{¶ 20} We do not apply stare decisis to strike down legislation merely because it is similar to a previous enactment that we found unconstitutional. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 104. "To be covered by the blanket of stare decisis, the legislation must be phrased in language that is substantially the same as that which we have previously invalidated." *Id.*, citing *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 22-23. In *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 39, we conducted "a fresh review" of a statute that, despite a resemblance to previous legislation, differed from the prior statute "in significant and important ways." *See also State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.3d 753, ¶ 33 (lead opinion) ("as a threshold question, we must determine whether the statute and facts presented today are the same as those presented in precedent").

{¶ 21} New Riegel argues that *Kocisko* remains controlling because the 1971 and the current versions of R.C. 2305.131 similarly define the actions to which they apply. The 1971 version of the statute applied to any "action to recover

damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property." Am.Sub.S.B. No. 307, 134 Ohio Laws, Part I, at 530. The current version of the statute applies to any "cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property." R.C. 2305.131(A)(1). But while the specific language defining the scope of the statute's coverage has not substantially changed, we must now read that language in light of, and in a manner consistent with, the expanded, current version of the statute.

{¶ 22} The current version of R.C. 2305.131 is sufficiently different from the 1971 version of the statute " 'to avoid the blanket application of stare decisis,' " *Groch* at ¶ 106, quoting *Arbino* at ¶ 24. Unlike the single-paragraph 1971 version of R.C. 2305.131, the current version of the statute consists of nine paragraphs, which set out exceptions to its application, situations that give rise to extensions of the repose period, and instructions that it be applied in a remedial manner in any civil action commenced on or after its effective date. The current version of R.C. 2305.131, unlike the 1971 version, expressly refers to contract-law concepts, acknowledges that improvements to real property are generally designed and built pursuant to contract, and applies notwithstanding other general statutes of limitations, including those for contract actions. These substantial differences between the 1971 and the current versions of R.C. 2305.131 warrant "a fresh review" of the statute. *Stetter* at ¶ 39; *see also McClure v. Alexander*, 2d Dist. Greene No. 2007 CA 98, 2008-Ohio-1313, ¶ 53, quoting *Groch* at ¶ 106 (holding that the 1971 and the current versions of R.C. 2305.131 are "sufficiently different * * * 'to avoid the blanket application of stare decisis' "). We therefore conclude that the Third District erred by applying the doctrine of stare decisis to hold that the current version of R.C. 2305.131 applies only to tort claims.

**R.C. 2305.131 applies to both contract and tort claims**

{¶ 23} Now, freed from the constraints of *Kocisko*, we turn to the current version of R.C. 2305.131 to consider independently whether it applies to contract claims as well as to tort claims.

{¶ 24} "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. We read words and phrases in a statute according to rules of grammar and common usage and in the context of the whole statute. R.C. 1.42; *Commerce & Industry Ins. Co. v. Toledo*, 45 Ohio St.3d 96, 102, 543 N.E.2d 1188 (1989). And we presume that the General Assembly intended the entire statute to be effective. R.C. 1.47(B). We may look beyond the plain statutory language only when a definitive meaning remains elusive despite a thorough, objective examination of the language. *Ohio Neighborhood Fin.*, *Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 23, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11.

{¶ 25} R.C. 2305.131(A)(1) applies to "cause[s] of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arise[] out of a defective and unsafe condition of an improvement to real property." Although this court stated in *Kocisko*, 21 Ohio St.3d at 99, 488 N.E.2d 171, that similar language in the 1971 version of R.C. 2305.131 was "uniformly used to describe tortious conduct," that statement was shortsighted. More recently, for example, Ohio courts have recognized that a plaintiff, in appropriate circumstances, may seek damages for injury to property in an action for breach of contract. *See, e.g.*, *Landis v. William Fannin Builders, Inc.*, 2011-Ohio-1489, 951 N.E.2d 1078, ¶ 36-38 (10th Dist.) (applying rule governing damages for temporary injury to real property in breach-of-contract claim); *Booth v. Duffy Homes, Inc.*, 185 Ohio App.3d 260, 2009-Ohio-6767, 923 N.E.2d 1175, ¶ 9, 13 (10th Dist.)

(same); *see also Bauman Chevrolet, Inc. v. Faust*, 113 N.E.2d 769 (Erie C.P.1953) (breach-of-contract claim sought damages for injury to personal property).

**{¶ 26}** Reading the current version of R.C. 2305.131 as a whole, we conclude that Ohio's construction statute of repose is not limited to tort actions but also applies to contract actions that meet the requirements of the statute. *See State ex rel. Wray v. Karl R. Rohrer Assocs., Inc.*, 2018-Ohio-65, 104 N.E.3d 865, ¶ 30 (5th Dist.) ("It matters not whether the action is brought in tort or contract, if the resultant damages are injury to property of the type set forth in R.C. 2305.131, the statute applies").

**{¶ 27}** R.C. 2305.131(A)(1) states that the repose period applies, "[n]otwithstanding an otherwise applicable period of limitations specified in this chapter." R.C. Chapter 2305 includes statutes of limitations for contract claims, *see* R.C. 2305.06 and 2305.07, as well as for tort claims, *see* R.C. 2305.09 and 2305.10. The uncodified language in Am.Sub.S.B. No. 80, Section 3(B)(1), 150 Ohio Laws, Part V, at 8028-8029, confirms the General Assembly's intention that the construction statute of repose "promote a greater interest than the interest underlying" not only the general tort statutes of limitations in R.C. 2305.09 and 2305.10 but also the interest underlying "other general statutes of limitation prescribed by the Revised Code." Had the General Assembly intended the construction statute of repose to apply only to tort claims, it could have specified those statutes of limitations applicable to tort claims in the introductory phrase of R.C. 2305.131(A)(1).

**{¶ 28}** Moreover, the General Assembly explicitly tied the commencement of the repose period to contractual performance. The ten-year repose period established in R.C. 2305.131(A)(1) begins to run upon "substantial completion" of an improvement. "Substantial completion" is defined as "the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed *in*

*accordance with the contract or agreement covering the improvement*, including any agreed changes to the contract or agreement, whichever occurs first." (Emphasis added.)  R.C. 2305.131(G).  By enacting that definition, the General Assembly acknowledged that a defendant in an action to which R.C. 2305.131 applies—"a person who performed services for [an] improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of [an] improvement to real property," R.C. 2305.131(A)(1)—will generally operate pursuant to a contract.  New Riegel does not dispute that "substantial completion" is a contract term, and it acknowledges that the professionals listed in R.C. 2305.131 "always provide their services under contracts."

**{¶ 29}** Perhaps the most persuasive indication that the General Assembly did not intend generally to exclude contract actions from the construction statute of repose, however, is found in R.C. 2305.131(D), which specifically excludes from the application of the statute of repose "a civil action for damages against a person who has expressly warranted or guaranteed an improvement to real property for a period longer than" the ten-year repose period.  Express warranty is a creature of contract.  *See Houston-Starr Co. v. Berea Brick & Tile Co.*, 197 F.Supp. 492, 499 (N.D.Ohio 1961).  And if R.C. 2305.131(A)(1) did not otherwise apply to a contractual warranty claim, the General Assembly would have had no reason to *exclude* warranty claims from the operation of the statute.  We assume that the General Assembly does not use words or enact statutory provisions unnecessarily, and we avoid construing a statute in a way that would render a portion of the statute meaningless or inoperative.  *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 13, citing *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917).

**{¶ 30}** Reading R.C. 2305.131 as a whole and in a manner that gives effect to all provisions of the statute, we conclude that Ohio's construction statute of

repose applies to all causes of action, whether sounding in tort or contract, that seek "to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arise[] out of a defective and unsafe condition of an improvement to real property * * * against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property." This reading of the statute is consistent with the General Assembly's stated intention to protect defendants from having to defend against stale claims, *see* Am.Sub.S.B. No. 80, Section 3(B)(3) through (5), 150 Ohio Laws, Part V, at 8029, the perils of which are the same whether the underlying claim is based in contract or tort.

**Whether R.C. 2305.131 bars New Riegel's claims is not before this court**

{¶ 31} In an argument that goes beyond either proposition of law that this court accepted, New Riegel argues that even if R.C. 2305.131 is applicable, the statute does not bar its claims, which accrued within ten years after substantial completion of the Project, because R.C. 2305.131(A)(1) does not limit commencement of an action once a claim has accrued. According to New Riegel, the 15-year statute of limitations for contract actions begins to run once a cause of action accrues within the repose period and R.C. 2305.131(A)(1) does not shorten the time to file an action on an accrued claim. In the court of appeals, New Riegel argued that R.C. 2305.131 will never bar a breach-of-contract claim because such a claim accrues, necessarily within the repose period, when the breach occurs, i.e., when an architect publishes a defective design or when defective construction is performed. But the court of appeals did not address that argument.

{¶ 32} We do not decide the effect on these cases of our holding that R.C. 2305.131 applies to any cause of action, including a contract claim, that falls within the scope of R.C. 2305.131(A)(1), because that issue is beyond the scope of the

propositions of law that we accepted and because neither the trial court nor the court of appeals addressed it.

*Conclusion*

{¶ 33} For these reasons, we reverse the judgments of the Third District Court of Appeals and remand these cases to that court to address New Riegel's remaining arguments.

Judgments reversed

and causes remanded.

O'CONNOR, C.J., and FISCHER and DONNELLY, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by DEWINE, J.

STEWART, J., dissents, with an opinion.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 34} Because R.C. 2305.131 applies to all causes of action for damages arising out of the defective and unsafe condition of an improvement brought against a person who furnished the design, planning, supervision of construction, or construction of that improvement, and because breach of contract is a cause of action, *e.g.*, *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41, I concur in the court's judgment to the extent that it reverses the judgments of the Third District Court of Appeals.

{¶ 35} I write separately, however, to address the assertion that R.C. 2305.131(A)(1) does not bar commencement of an action once a claim has accrued. Appellee, the New Riegel Local School District Board of Education, contends that the General Assembly intended R.C. 2305.131(A)(1) to apply only to causes of action sounding in tort, reasoning that "when a written contract exists related to the design or construction of an improvement to real property, the statute of repose would sit wholly impotent." According to the school board, a breach-of-contract

claim can *never* be limited by the construction statute of repose because such a claim will always accrue before the ten-year period expires, and for this reason, the school board maintains that "[i]t makes no sense to say that the General Assembly intended" R.C. 2305.131(A)(1) to apply to breach-of-contract claims.

{¶ 36} Contrary to the majority's analysis, this statutory-construction argument responds directly to the propositions of law that we accepted for review. We cannot decide the issue presented in this case without addressing the school board's argument. Moreover, an appellee such as the school board can defend a judgment of the court of appeals with arguments that were not passed on by that court, *see O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 94, and " '[r]eviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous,' " *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 12, quoting *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8. The school board's argument is therefore properly before this court, and reaching it is necessary to decide this case. This court's remand of the case does nothing more than add further delay in resolving this matter.

{¶ 37} In *Oaktree Condominium Assn., Inc. v. Hallmark Bldg. Co.*, 139 Ohio St.3d 264, 2014-Ohio-1937, 11 N.E.3d 266, we considered whether the application of R.C. 2305.131 to the plaintiff violated the Ohio Constitution's prohibition on retroactive laws. The cause of action had accrued prior to the enactment of the statute but was commenced more than ten years after construction had been completed. We recognized that R.C. 2305.131 was a statutory bar to the claim, because "[b]y its plain language, the real-property-construction statute of repose, which became effective on April 7, 2005, applies to civil actions commenced after the effective date of the statute *regardless of when the cause of action accrued*." (Emphasis added.) *Id*. at ¶ 8. And we noted that "[b]ecause [the

plaintiff's] cause of action accrued and vested before the April 7, 2005 effective date of R.C. 2305.131, the retroactive application of the statute of repose would take away [its] substantive right and conflict with Article II, Section 28 of the Ohio Constitution." *Id*. at ¶ 12. We therefore understood that the statute of repose bars causes of action that had accrued but were not commenced prior to the running of the ten-year period.

{¶ 38} The school board nonetheless asks us to construe the phrase "no cause of action * * * shall accrue," R.C. 2305.131(A)(1), to exempt causes of actions that did in fact accrue during the ten-year repose period. It reasons that had the General Assembly intended R.C. 2305.131 to be a true statute of repose, it would have provided that no cause of action "shall be commenced" after ten years.

{¶ 39} However, we may not read individual words of a statute in isolation; rather, we are obligated "to evaluate a statute 'as a whole and giv[e] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.' " *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.* 95 Ohio St. 367, 373, 116 N.E. 516 (1917). " ' "[S]ignificance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act." ' " *Id*., quoting *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 13, quoting *Wachendorf v. Shaver*, 149 Ohio St. 231, 78 N.E.2d 370 (1948), paragraph five of the syllabus.

{¶ 40} Construing R.C. 2305.131 as applying only to causes of action that accrue after the ten-year repose period has expired would render large swaths of the statute wholly superfluous. For example, R.C. 2305.131(A)(2) creates a discovery-rule exception to the statute of repose:

> Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, a claimant who discovers a defective and unsafe condition of an improvement to real property during the ten-year period specified in division (A)(1) of this section but less than two years prior to the expiration of that period may commence a civil action to recover damages as described in that division within two years from the date of the discovery of that defective and unsafe condition.

Similarly, R.C. 2305.131(A)(3) includes an exception to the statute of repose for plaintiffs "within the age of minority or of unsound mind" pursuant to R.C. 2305.16:

> Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, if a cause of action that arises out of a defective and unsafe condition of an improvement to real property accrues during the ten-year period specified in division (A)(1) of this section and the plaintiff cannot commence an action during that period due to a disability described in section 2305.16 of the Revised Code, the plaintiff may commence a civil action to recover damages as described in that division within two years from the removal of that disability.

{¶ 41} Construing the statute of repose as not applying to causes of action that accrued within the ten-year repose period renders these two exceptions meaningless and inoperative. As the Fifth District Court of Appeals has explained,

under that interpretation, R.C. 2305.131(A)(2) "would have no effect on any claimant because once a claimant's cause of action accrued, the statute of repose would no longer apply and the statute of limitations would apply." *Tuslaw Local School Dist. Bd. of Edn. v. CT Taylor Co., Inc.*, 5th Dist. Stark No. 2018CA00099, 2019-Ohio-1731, __ N.E.3d __, ¶ 25.   The same reasoning applies to R.C. 2305.131(A)(3).

**{¶ 42}** Moreover, in uncodified law, the General Assembly repeatedly described R.C. 2305.131 as a statute of repose.   It explained that although "[s]tatutes of repose are vital instruments that provide time limits, closure, and peace of mind to potential parties of lawsuits," Ohio had stood virtually alone in failing to "adopt[] statutes of repose to protect architects, engineers, and constructors of improvements to real property from lawsuits arising after a specific number of years after completion of an improvement to real property." Am.Sub.S.B. No. 80, Section 3(A), 150 Ohio Laws, Part V, 7915, 8026-8027.  The legislature acted to remedy that failing and eliminate the "unacceptable burden" of requiring architects, engineers, and constructors of improvements to real property to maintain insurance against liability, retain documents and records, and preserve evidence throughout the useful life of the improvement, explaining that "the ten-year statute of repose prescribed in [R.C. 2305.131(A)(1)] is a rational period of repose intended to preclude the pitfalls of stale litigation."  *Id*. at 8027-8029.   And it declared that R.C. 2305.131 was intended "to promote a greater interest than the interest underlying * * * other general statutes of limitation prescribed by the Revised Code."  *Id*. at 8028-8029.

**{¶ 43}** It is therefore manifest that the General Assembly understood R.C. 2305.131 to be a true statute of repose, i.e., one that bars accrued claims as well as those that have not yet vested.  *See Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 16.  As the United States Supreme Court has explained, a statute of repose is akin to a discharge in bankruptcy;

20

because it is a "cutoff" or absolute bar to liability that "puts an outer limit on the right to bring a civil action," application of a statute of repose does not depend on whether the cause of action has accrued. *CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014). It extinguishes liability regardless. *Id.*

{¶ 44} The plain language of R.C. 2305.131(A), read in its entirety, extinguishes liability for injuries arising out of a defective and unsafe condition of an improvement brought against a person who designed, planned, supervised, or constructed that improvement after ten years from its substantial completion, subject to the time extensions established in subdivisions (A)(2) and (A)(3) of that statute. Uncodified law and our caselaw support this conclusion. Because the school board brought this breach-of-contract action more than ten years after the substantial completion of its school building, the trial court correctly dismissed the breach-of-contract claims as time-barred. For this reason, I would reverse the judgments of the court of appeals and reinstate the judgments of the trial court.

DeWine, J., concurs in the foregoing opinion.

————————————

**STEWART, J.**

{¶ 45} I respectfully dissent from the majority's holding that R.C. 2305.131(A)(1), Ohio's construction statute of repose, applies to contract actions. R.C. 2305.131(A)(1) has not been changed in any significant way since this court interpreted it in *Kocisko v. Charles Shutrump & Sons Co.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986), syllabus, to apply "only to actions which sound in tort." We should reaffirm *Kocisko* and leave it to the General Assembly to amend the statute to provide that it applies to contract actions, if that truly is the General Assembly's intent.

{¶ 46} The majority concedes that the current version of R.C. 2305.131(A)(1) contains language "similar" to the version of the statute that we construed in *Kocisko*. Majority opinion at ¶ 25. That is an understatement: the

version we construed in *Kocisko* applied to "action[s] to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death," Am.S.B. No. 307, 134 Ohio Laws, Part I, 529, 530, while the current version of the statute applies to "action[s] to recover damages for bodily injury, an injury to real or personal property, or wrongful death," R.C. 2305.131(A)(1). The same words are used but merely reordered, with no effect on the meaning of the statute.

**{¶ 47}** After we held in *Kocisko* that former R.C. 2305.131(A)(1) applied only to tort actions and that "[a]ctions in contract continue to be governed by the fifteen-year statute of limitations found in R.C. 2305.06," *Kocisko* at syllabus, the General Assembly could easily have amended R.C. 2305.131(A)(1) to add "contract actions" to the actions listed in that provision if that had been its intent when initially enacting the statute.[2] But subsequently, despite twice amending other parts of the statute, the General Assembly chose not to supersede *Kocisko* by adding contract actions to the actions listed in R.C. 2305.131(A)(1).

**{¶ 48}** Under the rules that the General Assembly enacted to guide courts when interpreting statutes, we are constrained to construe the amendments to R.C. 2305.131(A)(1) that did not expand the statute's applicability as "intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute," R.C. 1.54. "By the rules of construction of statutes, if a statute is

---

2. Notably, a number of states have enacted construction statutes of repose that explicitly apply to contract actions. *See, e.g.*, 735 Ill.Comp.Stat. 5/13-214(a) ("Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property * * *"); Ind.Code Ann. 32-30-1-5(d) (applying to actions, "whether based upon contract, tort, nuisance, or another legal remedy," for any deficiency in design or construction of an improvement to real property or "an injury to real or personal property arising out of a deficiency"); N.J.Stat.Ann. 2A:14-1.1(a) (applying to any action, "whether in contract, in tort, or otherwise," for "any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death"); Colo.Rev.Stat. 13-80-104(1)(c) (statute of repose for design and construction claims applies to "any and all actions in tort, contract, indemnity, or contribution, or other actions for the recovery of damages").

amended in certain particulars, after the same has been interpreted and defined by the courts, without change in other respects, it will be presumed that the Legislature was satisfied with the court's interpretation upon these features which were unchanged, but that the amended portions were intended to be excepted from the operation of the court's decision." *Spitzer v. Stillings*, 109 Ohio St. 297, 305, 142 N.E. 365 (1924); *see also State v. Hassler*, 115 Ohio St.3d 322, 2007-Ohio-4947, 875 N.E.2d 46, ¶ 16 (despite amending statute eight times, legislature showed no intent to supersede judicial interpretation of statute). We recently noted this proposition in *Wayt v. DHSC, L.L.C.*, 155 Ohio St.3d 401, 2018-Ohio-4822, 122 N.E.3d 92, ¶ 23, in which we presumed that the legislature had been aware of a prior decision of this court and "could easily have drafted the statute to prevent the holding from that case from affecting the outcome of this case" by adding a single term to an existing statute. The same reasoning applies here. The General Assembly is presumed to have been aware of our decision in *Kocisko*, and its failure to add contract actions to the actions listed in R.C. 2305.131(A)(1) shows that it has been content to let the statute stand as we previously interpreted it.

{¶ 49} Finding no support for its interpretation of R.C. 2305.131(A)(1) in the text of that provision, the majority maintains that the General Assembly nonetheless intended to include contract actions within the scope of the construction statute of repose because the current statute contains "contract-law concepts." Majority opinion at ¶ 22. Exactly what contract-law "concepts" are incorporated into the statute is unclear. The word "contract"—followed by its synonym, "agreement"—appears only twice in R.C. 2305.131, both times in division (G):

> As used in this section, "substantial completion" means the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with

the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.

{¶ 50} The "substantial completion" of a contract or agreement to construct an improvement to property triggers the initiation of the repose period. R.C. 2305.131(A)(1). It has nothing to do with the actual cause of action for "bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property," *id.* As this court noted in *Kocisko*, language relating to injury or wrongful death is "uniformly used to describe tortious conduct." 21 Ohio St.3d at 99, 488 N.E.2d 171. None of these injuries encompass contract claims.

{¶ 51} The majority suggests that a party may seek damages for injury to property in a contract action but cites no authority from this court in support of that proposition. The breach-of-contract claims brought in this action sought economic damages—that is, the benefit of the bargain had the school building been designed and constructed according to applicable state standards. The "economic loss" doctrine states that when parties are in privity of contract and one party allegedly suffers purely economic damages as a result of an alleged breach of that contract, that party's exclusive remedy is in the law of contracts and no action is cognizable in tort. *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 45, 537 N.E.2d 624 (1989). " 'When the promisee's injury consists merely of the loss of his bargain, no tort claim arises because the duty of the promisor to fulfill the term of the bargain arises only from the contract.' " *Id.*, quoting *Battista v. Lebanon Trotting Assn.*, 538 F.2d 111, 117 (6th Cir.1976). Here, the plaintiff-school district did not allege that the defendants engaged in any tortious conduct that caused

"injury to property."[3]  The claims asserted in this case are purely contractual and outside the scope of the statute of repose.

**{¶ 52}** Although the majority asserts that *Kocisko* was "shortsighted," majority opinion at ¶ 25, *Kocisko* is consistent with decisions construing similar statutes of repose in other states.  The Michigan Supreme Court considered a similarly worded construction statute of repose—former Mich.Comp.Laws 600.5839(1) ("[n]o person may maintain any action to recover damages for injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property")—and held that that statute did "not apply to a claim against an engineer or contractor for a defect in an improvement when the nature and origin of the claim is the breach of a contract."  *Miller-Davis Co. v. Ahrens Constr., Inc.*, 489 Mich. 355, 370, 802 N.W.2d 33 (2011).  The court quoted with approval the reasoning that a lower court provided in support of this conclusion in a prior case:

> "[T]his statute was enacted primarily to limit the engineers' and architects' exposure to litigation by injured third persons as evidenced by the legislation's timing and relation to case law. * * * If there is no causal connection between the defective condition and the injury, the provision does not apply.  Similarly, where the suit is for deficiencies in the improvement itself, the injury is the defective condition, hence, the injury does not 'arise out of' the defective condition, but, rather, it is the condition.  Therefore, claims for deficiencies in the improvement itself do not come within the scope of this special statute of limitation."

---

3. Of course, there are torts involving real property; for example, trespass to property, vandalism, and nuisance.

*Id*. at 369-370, quoting *Marysville v. Pate, Hirn & Bogue, Inc.*, 154 Mich.App. 655, 660, 397 N.W.2d 859 (1986).

**{¶ 53}** And in *Fid. & Deposit Co. of Maryland v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160 (4th Cir.1983), the United States Court of Appeals for the Fourth Circuit construed Va.Code 8.01-250, which, like R.C. 2305.131(A)(1), applies to actions "for any injury to property, real or personal, or for bodily injury or wrongful death." The Fourth Circuit held, like this court in *Kocisko*, that "the statute, by its express terms, is restricted in its application to what are in effect tort actions to recover for 'injury' to property or persons and not to actions in contract"). *Id.* at 1162. These decisions show that *Kocisko* is not an outlier.

**{¶ 54}** We have acknowledged the General Assembly's prerogative, as the " ' "ultimate arbiter of public policy," ' " to "refine[] Ohio's tort law to meet the needs of our citizens." *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 102, quoting *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21, quoting *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21. In the years following *Kocisko*, the General Assembly could easily have added contract actions to R.C. 2305.131(A)(1)'s list of actions to which the statute applies, but it has chosen not to. We therefore must assume that the General Assembly is content with this court's interpretation of the statute in *Kocisko*. A Virginia court reached the same conclusion in construing Va.Code 8.01-250, reasoning that the legislature had "presumably been aware of the Fourth Circuit's construction of the statute, and it has not amended it":

> Had the General Assembly intended § 8.01-250 to apply to actions for breach of contract, it could have added "breach of contract" to the enumerated actions in the statute or it could have

omitted the words "to recover for any injury to property, real or personal, or for bodily injury or wrongful death." It did neither. *Inclusio unius est exclusio alterius.*

*BurgerBusters, Inc. v. Ratley Constr. Co., Inc.*, 45 Va.Cir. 133, 135 (1998), citing *Fid. & Deposit Co.* at 1162.

{¶ 55} Indeed, in Minnesota, a former version of that state's construction statute of repose, Minn.Stat. 541.051(1), much like R.C. 2305.131(A)(1), applied to "action[s] to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death." The Minnesota Supreme Court construed that statute as applying only to tort actions. *Kittson Cty. v. Wells, Denbrook & Assocs., Inc.*, 308 Minn. 237, 241, 241 N.W.2d 799 (1976). In the wake of that decision, the Minnesota legislature did what our General Assembly has not done—it amended Minnesota's construction statute of repose to cover "action[s] by any person in contract, tort, or otherwise." Minn.Stat. 541.051(1); *see Lietz v. N. States Power Co.*, 718 N.W.2d 865, 871 (Minn.2006).

{¶ 56} The General Assembly has the power to adopt a statute of repose and define the parameters of that law. We should not take it upon ourselves to do that which the legislature has chosen not to do. I would conclude that given the absence of any amendment to supersede our holding in *Kocisko*, R.C. 2305.131(A)(1) applies only to tort actions. I would therefore reject both propositions of law and affirm the judgments of the court of appeals.

_____

Bricker & Eckler, L.L.P., Christopher L. McCloskey, Tarik M. Kershah, and Bryan M. Smeenk, for appellee.

Gallagher Sharp, L.L.P., P. Kohl Schneider, and Richard C.O. Rezie, for appellant Charles Construction Services, Inc.

Frantz Ward, L.L.P., Marc A. Sanchez, Michael J. Frantz Jr., and Allison Taller Reich, for appellant Ohio Farmers Insurance Company.

Ritter, Robinson, McCready & James, Ltd., Shannon J. George, and Matthew T. Davis, for appellant Studer-Obringer, Inc.

McNeal, Schick, Archibald & Biro Co., L.P.A., Brian T. Winchester, and Patrick J. Gump, for appellants Buehrer Group Architecture & Engineering, Inc., Estate of Huber H. Buehrer, and Buehrer Group Architecture & Engineering.

Singerman, Mills, Desberg & Kauntz Co., L.P.A, Michael R. Stavnicky, and Stephen L. Byron, urging affirmance for amici curiae County Commissioners Association of Ohio, Ohio Municipal League, Ohio Township Association, Erie County, and Ohio School Boards Association.

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

Murray & Murray Co., L.P.A., Dennis E. Murray Sr., Charles M. Murray, and Donna J. Evans, urging affirmance for amicus curiae Timothy Betton.

Graff and McGovern, L.P.A., and Luther L. Liggett Jr., urging reversal for amici curiae AIA Ohio and Ohio Society of Professional Engineers.

Vorys, Sater, Seymour & Pease, L.L.P., Natalia Steele, and Thomas E. Szykowny, urging reversal for amici curiae Ohio Insurance Institute, Ohio Manufacturers' Association, Ohio Chamber of Commerce, Ohio Chapter of the National Federation of Independent Business, and Surety & Fidelity Association of America.

Harpst, Ross & Becker Co., L.L.C., Todd A. Harpst, and Joseph R. Spoonster, urging reversal for amicus curiae Subcontractors Association of Northeast Ohio.

McDonald Hopkins, L.L.C., Peter D. Welin, Jason R. Harley, and John A. Gambill, urging reversal for amici curiae Associated General Contractors of Ohio; Allied Construction Industries (Cincinnati AGC); Associated General Contractors

28

of Ohio, Akron; Builders Association of Eastern Ohio & Western Pennsylvania (AGC Youngstown); Central Ohio AGC; Associated General Contractors, Cleveland; Associated General Contractors of Northwest Ohio (Toledo AGC); West Central Ohio AGC (Dayton AGC); and Ohio Contractors Association.

Koehler Fitzgerald, L.L.C., and Timothy J. Fitzgerald, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

————————————